■ In the Matter of DALVIN T., Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal, as limited by the appellant's brief, is from so much of an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated December 16, 1985, as, upon a fact-finding order, dated October 11, 1985, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree (Penal Law § 120.05 [3]), conditionally discharged the appellant for a period of 12 months.

Ordered that the order of disposition is reversed insofar as appealed from, on the law, without costs or disbursements, the fact-finding order is vacated, to the extent that it determines that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree, the penalty of a conditional discharge imposed thereon is vacated, and that charge of the petition is dismissed.

The Corporation Counsel concedes that the evidence introduced at the fact-finding hearing was legally insufficient to support a finding that the appellant committed an act which, if committed by an adult, would have constituted assault in the second degree pursuant to Penal Law § 120.05 (3) in that there was no proof that the victim suffered a "physical injury" which is an essential element of the crime (see, People v McDowell, 28 NY2d 373; Matter of Philip A., 49 NY2d 198; Matter of John G., 82 AD2d 861). Accordingly, the penalty imposed on that charge must be vacated and that charge of the petition must be dismissed. However, the appellant was also found to have committed acts which, if committed by an adult, would have constituted the crimes of resisting arrest and criminal trespass in the third degree. The appellant does not, on appeal, challenge the sufficiency of the evidence regarding these two charges, and indeed the proof of the appel-

lant's guilt on these two charges is amply demonstrated in the record. Since the remaining provisions of the dispositional order impose the most lenient penalty allowed (Family Ct Act § 352.2 [1] [a]; [2]; § 353.1), there is no need to remit this matter for further dispositional hearings. Mangano, J. P., Rubin, Kooper and Harwood, JJ., concur.