■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL RODRIGUEZ, Appellant.—Judgment, Supreme Court, New York County (Daniel FitzGerald, J., at suppression hearing; Alvin Schlesinger, J., at trial and sentence), rendered June 12, 1987, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and criminal possession of a controlled

substance in the seventh degree (Penal Law § 220.03) and sentencing him as a predicate felon to concurrent prison terms of 2½ to 5 years and six months, respectively, unanimously affirmed.

Due to a rash of robberies in the area, two police officers were patroling a Manhattan housing project. Through a window one of the officers observed the defendant standing on the stairwell with a small black bag tied around his wrist. After observing the defendant for about a minute, the officer opened the door, produced his shield and asked the defendant what he was doing. The defendant replied that he was "just hanging out." The officer then asked for some identification and the defendant produced a driver's license. Since the defendant did not live in the building, the officer again asked the defendant what he was doing there. At this point the defendant remained silent and appeared to be nervous. The officer then informed the defendant that he was going to arrest the defendant for trespass. At this point the defendant fled, running into the second officer. A struggle ensued during which the defendant dropped his bag which one of the officers retrieved and felt the outline of a gun inside. A loaded nine millimeter automatic pistol and 200 envelopes of heroin were found in the bag. The defendant was arrested and given *Miranda* warnings. Later, while in a holding cell and in the absence of questioning, he blurted out, "I don't sell it, I move it."

Following a suppression hearing, the court concluded that the officer had probable cause to arrest defendant for criminal trespass, that the search of his bag was incident to the arrest and that the statement was spontaneous.

On appeal the defendant contends that the arrest was without probable cause because the stairwell area in which he was observed was open to the public. However, this contention must be rejected in light of the applicable law and the facts here.

Penal Law § 140.05 states that "[a] person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises." Penal Law § 140.00 (5) provides that a person " 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so" and further that "[a] license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public." Here, the first floor stairwell is

located beyond a door which physically separates it from the main lobby. The lobby is in turn separated from the outside by another set of doors. Under these circumstances, it is reasonable to conclude that the stairwell was used by the building's residents and their invitees and that it was not open to the general public. *(See, People v Niepoth,* 55 AD2d 970 [3d Dept 1977].)* Under the circumstances herein, including the defendant's failure to state his purpose in the building, the officer had probable cause to arrest defendant for criminal trespass. *(See, People v Thurman,* 81 AD2d 548 [1st Dept 1981]; CPL 140.10.)

The credibility of the witnesses and the inferences to be drawn from their testimony were for the suppression court to determine, and such determination will not be disturbed unless unsupportable as a matter of law. *(See, People v Hartley,* 103 AD2d 935 [3d Dept 1984], *affd* 65 NY2d 703 [1985].)* Concur—Murphy, P. J., Sullivan, Ross, Kassal and Smith, JJ.