■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE LEVINE, Also Known as LEVINE WARD, Appellant.— Judgments, Supreme Court, New York County (Robert Haft, J.), rendered April 12, 1989, convicting defendant, after a jury trial, of burglary in the second degree (Penal Law § 140.25 [2]) and, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31), and sentencing him, as a second felony offender, to consecutive inde-

terminate terms of imprisonment of from 3 to 6 years and 2 to 4 years, respectively, unanimously affirmed.*

At approximately 11:30 P.M. on June 22, 1988, defendant was confronted by Robert Christgau and his wife Carola Dibbell, as he emerged from the vicinity of a storage room in the lobby of their apartment building with a bicycle and air pump belonging to them and a bicycle belonging to another tenant. Following a two-to-three-minute discussion, in which defendant was told to "just leave the bikes" and go, defendant surrendered the property and left the building. The couple filed a complaint with the police that night, providing a description of defendant which included his tattooed arms, and defendant was arrested six days later when Christgau spotted him on the street and called the police.

Upon examination of this record, we conclude that defendant's guilt was proved beyond a reasonable doubt. The inconsistencies in the descriptions given by Christgau and Dibbell, who was unable to identify defendant at trial, were for the jury to resolve. (People v Matthews, 159 AD2d 410.) Our examination of the record leads us to further conclude that defendant's presence in the building, his possession of property stored in its storage room, and the existence of a broken window in the storage room, comprise sufficient evidence to establish an unlawful entry. (See, People v Torres, 162 AD2d 385; People v Rodriguez, 159 AD2d 201.)

Although it was error for the trial court to have expanded the accepted language of the "no adverse inference" charge, we are persuaded that the error was harmless in light of the overwhelming evidence of defendant's guilt. (See, People v Crimmins, 36 NY2d 230, 242; People v Ayala, 75 NY2d 422; People v Diggs, 151 AD2d 359, 362.) We likewise find no basis for reversal in the purportedly improper comments made by the prosecutor on summation. Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.

---

* On appeal, defendant raises no issues with respect to his conviction for criminal sale of a controlled substance in the fifth degree.