■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSARIO QUINONES, Appellant.—Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered November 13, 1989, convicting defendant after bench trial of burglary in the second degree, and sentencing him to an indeterminate term of imprisonment of 7½ to 15 years, unanimously affirmed.

Troy Ortiz, who had fallen asleep on the couch in his sister's one-bedroom apartment, was awakened by noises in the bedroom. He rose and discovered defendant standing in front of the closet; a jewelry box was on the floor, and personal papers had been removed from Ortiz' sister's purse. The window gate leading to the fire escape had been opened. A bureau which had previously blocked the window had been pushed forward into the room. Defendant was forcibly removed from the apartment by Ortiz, subdued in a struggle, and arrested by police officers who were summoned by a neighbor.

Defendant's guilt of burglary was established beyond a reasonable doubt. *(See, People v Bleakley,* 69 NY2d 490.) A person is guilty of burglary in the second degree when he "knowingly enters or remains unlawfully in a building with intent to commit a crime therein" (Penal Law § 140.25). "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so" (Penal Law § 140.00 [5]), meaning that he had not "obtained the consent of the owner or another whose relationship to the premises gives him authority to issue such consent" *(People v Graves,* 76 NY2d 16, 20).

Defendant concedes that lack of license or privilege to enter may be established by circumstantial evidence, and that the testimony of one or all of those who could consent to entry is not in all cases indispensable *(People v Wright,* 68 AD2d 930).

In this case, unlawful entry was clearly established, despite the absence of testimony by the tenant of record. Clearly, Troy Ortiz, who was sleeping, had not consented to defendant's entry. Moreover, entry by the fire escape, achieved by pushing aside the window gate and a bureau, may not be explained away, as defendant attempts to do, by labelling it as merely "unconventional."

Any doubt as to defendant's lack of privilege or license to enter was dispelled by defendant's patently unconvincing statements at the time of the commission of the crime, and at trial. Defendant's on-the-scene remarks that he thought he was in his friend's house, or that he was looking for someone, were palpably disingenuous. Even more unconvincing was defendant's totally unsupported tale, contrary to his on-the-scene remarks, that the apartment was a crack house. It need only be noted that the arresting police officer saw no evidence of criminal activity on the premises aside from the burglary committed by defendant. Concur—Ellerin, J. P., Wallach, Kupferman, Asch and Kassal, JJ.