■ In the Matter of PAUL N., a Person Alleged to be a Juvenile Delinquent, Appellant. [664 NYS2d 341] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (McLeod, J.), dated October 29, 1996, which, upon a fact-finding order of the same court, dated October 8, 1996, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal trespass in the second degree and criminal trespass in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for one year. The appeal brings up for review the fact-finding order dated October 8, 1996.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the proceeding is dismissed.

The appellant contends that the evidence was not legally sufficient to establish, beyond a reasonable doubt, that he entered or remained unlawfully in or upon certain premises. We agree.

In order to prove that a person is guilty of criminal trespass, the evidence must show that the person "knowingly enter[ed] or remain[ed] unlawfully" in a building or dwelling (Penal Law §§ 140.10, 140.15). A person " 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so" (Penal Law § 140.00 [5]). The lack of a license or privilege to be in or upon premises may be proven by circumstantial evidence (*see, People v Quinones,* 173 AD2d 395). Viewing the circumstantial evidence in the light most favorable to the presenting agency (*see, People v Williams,* 84 NY2d 925), we find that it was legally insufficient to establish that the appellant lacked a license or privilege to be in or upon the premises (*cf., People v Quinones, supra*).

The only evidence presented to establish that the appellant entered or remained unlawfully in or upon the premises was the testimony of a police officer, who chased the appellant into the open door of a house. The police officer testified that the people in the house jumped up and were in shock when he chased the appellant through the house and that one of the people yelled "What are you doing in my house?". Because we find this evidence legally insufficient to establish that the appellant lacked a license or privilege to be in or upon the premises (*cf., People v Quinones, supra*), the order of disposition must be reversed. Thompson, J. P., Pizzuto, Santucci and Joy, JJ., concur.