■ In the Matter of HECTOR R., a Person Alleged to be a Juvenile Delinquent, Appellant. [669 NYS2d 859] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from a fact-finding order of the Family Court, Queens County (Friedman, J.), dated April 10, 1997, made after a hearing, finding that the appellant had committed acts, which, if committed by an adult, would have constituted the crime of robbery in the second degree, and two orders of disposition of the same court, both dated June 2, 1997, the first of which adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months and directed that he perform 45 hours of community service, and the second of which set the terms of his probation.

Ordered that the appeal from the fact-finding order dated April 10, 1997, is dismissed as that order was superseded by the dispositional orders dated June 2, 1997; and it is further,

Ordered that the dispositional orders are affirmed, without costs or disbursements.

The appellant failed to preserve for appellate review his contention that the evidence adduced at the fact-finding hearing was legally insufficient to establish his identity as one of the perpetrators since he did not raise this claim at the hearing (*cf.,* CPL 470.05 [2]; *People v Cannon,* 224 AD2d 439). In

any event, viewing the evidence in the light most favorable to the presentment agency (*see, Matter of Jeffrey C.,* 239 AD2d 413; *cf., People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the appellant's identity beyond a reasonable doubt (*see, People v Caballero,* 177 AD2d 496; *People v Dixon,* 158 AD2d 467; *People v Neese,* 138 AD2d 531). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* Family Ct Act § 342.2 [2]; *cf.,* CPL 470.15 [5]).

We have reviewed the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Joy, Florio and Luciano, JJ., concur.