■ In the Matter of DARNEL B., a Person Alleged to be a Juvenile Delinquent, Appellant. [670 NYS2d 199] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Schechter, J.), dated March 24, 1997, which, upon a fact-finding order of the same court, dated March 3, 1997, made after a hearing, finding that the respondent had committed acts which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, adjudged him to be a juvenile delinquent and placed him in the Division for Youth for a period not to exceed one year. The appeal brings up for review the fact-finding order dated March 3, 1997, and the denial, after a hearing, of the appellant's motion to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The record reveals that the arresting police officer approached the appellant, who was leaning against the wall of the lobby in an apartment building that was part of a housing project. The officer asked the appellant whether he lived in the building, and the appellant replied that he did not. The officer then asked the appellant, who appeared nervous, what he was doing, to which the appellant replied that he was "just chill-

ing". The officer then arrested the appellant for criminal trespass. The appellant contends, *inter alia*, that the officer lacked probable cause to arrest him. We disagree.

Probable cause does not require proof sufficient to warrant a conviction, but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed (*see, People v Bigelow,* 66 NY2d 417).

Here, the record supports the conclusion that the arresting officer possessed probable cause to believe that the appellant was unlawfully on the premises (*see,* Penal Law § 140.00 [5]). The appellant stated that he was not a resident in the building. Moreover, when given the opportunity to explain why he was present, the appellant at no point indicated that he was present with a tenant's permission or for some other lawful purpose. To the contrary, he informed the arresting officer that he was "just chilling". The arresting officer could reasonably construe the appellant's statement as negating any inference that he enjoyed a license or privilege to be present on the premises (*see, People v Rodriguez,* 159 AD2d 201). Accordingly, the arrest was lawful since the officer possessed probable cause to believe that the appellant was on the premises illegally.

The appellant's remaining contentions are without merit. Thompson, J. P., Joy, Goldstein and Luciano, JJ., concur.