■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO GONZALEZ, Appellant. [673 NYS2d 142] —Judgment, Supreme Court, New York County (Renee White, J., at suppression hearing; Michael Obus, J., at jury trial and sentence), rendered December 12, 1995, convicting defendant of burglary in the second degree, criminal possession of stolen property in the fifth degree, and resisting arrest, and sentencing him, as a persistent violent felony offender, to concurrent prison terms of 8 years to life, 1 year and 1 year, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. When the arresting officer arrived at the apartment building after being informed by three occupants of an apartment therein that a burglary was in progress, he found defendant, who was

within the locked portion of the building, sweating and avoiding eye contact with the officer. These circumstances ripened into probable cause to arrest for criminal trespass when defendant, upon being questioned about his presence in the building, falsely told the officer that he was visiting a friend who lived a substantial distance from the building (*see, People v Judge*, 236 AD2d 319, *lv denied* 89 NY2d 1037; *People v Rodriguez*, 159 AD2d 201, *lv denied* 76 NY2d 742). The removal of two watches from defendant's pocket was proper as a search incident to arrest (*People v Kadan*, 195 AD2d 174, *lv denied* 83 NY2d 854), and defendant's statements, which were not the fruit of any unlawful seizure, were in any event not admitted at trial.

Since the trial evidence established probable cause to arrest defendant for criminal trespass, his conviction of resisting arrest was supported by legally sufficient evidence. Concur—Lerner, P. J., Ellerin, Rubin, Tom and Andrias, JJ.