■ Lucy Brillon, Respondent, v John Brillon et al., Appellants. [685 NYS2d 614] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered March 24, 1998, which denied defendants' motion for summary judgment, unanimously affirmed, without costs.

The document submitted by defendants in support of their motion for summary judgment, as evidence of an alleged accord and satisfaction of the instant partition action, makes no mention of the partition action, and contains no language that could be construed as a settlement of any claims. Defendants' motion for summary judgment was therefore properly denied. Concur—Ellerin, P. J., Sullivan, Lerner and Rubin, JJ.

■ The People of the State of New York, Respondent, v Dwayne Hill, Appellant. [687 NYS2d 152] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered October 27, 1995, convicting defendant, after a jury trial, of eleven counts of robbery in the second degree and eleven counts of burglary in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 19 to 38 years, unanimously affirmed.

Defendant's suppression motion was properly denied. His arrest for criminal trespass was supported by probable cause, including evidence that defendant engaged in unmistakable "casing"-type behavior, ran to a building where a woman had just entered, engaged in various suspicious activity toward the woman, and told the police that he was visiting an individual who was not there, whereas the building superintendent informed the police that no such person lived in the building (see, People v Judge, 236 AD2d 319, lv denied 89 NY2d 1037; see also, People v Gonzalez, 250 AD2d 545, lv denied 92 NY2d 897). The totality of circumstances negated the possibility that defendant was legitimately but unsuccessfully attempting to locate an acquaintance. Concur—Ellerin, P. J., Sullivan, Lerner and Rubin, JJ.