■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WHITE, Appellant. [741 NYS2d 516] —Judgment, Supreme Court, New York County (Carol Berkman, J., at hearing; Dorothy Cropper, J., at jury trial and sentence), rendered January 13, 2000, convicting defendant of burglary in the second degree, and sentencing him, as a second felony offender, to a term of eight years, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record (*see, People v Prochilo*, 41 NY2d 759, 761). In the early morning hours, the police responded to a call of a burglary in progress and spoke to a citizen-informant, who stated that she had just seen the

man whom she had called about in the back area of a nearby building that she pointed out. Only moments later, the police observed defendant, who matched the general description of the suspect, leaving the front of the building, after exhibiting some difficulty in opening the door. Under these circumstances, particularly in view of the lateness of the hour and absence of other persons, it was reasonable to conclude that defendant was the described suspect. This provided reasonable suspicion that defendant had engaged in criminal activity, which justified the brief investigatory stop and detention. When defendant made statements concerning his presence in the building that clearly indicated that he was, at least, a trespasser, the police had probable cause to arrest him, and suppression of the fruits of that arrest was properly denied (*see, People v Rodriguez*, 159 AD2d 201, *lv denied* 76 NY2d 742). Concur—Tom, J.P., Buckley, Sullivan, Ellerin and Wallach, JJ.