◼ In the Matter of DANIEL B., a Person Alleged to be a Juvenile Delinquent, Appellant. [768 NYS2d 230]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated March 14, 2003, which, upon a fact-finding order of the same court, dated January 31, 2003, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of criminal trespass in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated January 31, 2003.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the proceeding is dismissed.

The appellant contends that the evidence was not legally sufficient to establish, beyond a reasonable doubt, that he commit-

ted an act which, if committed by an adult, would have constituted the crime of criminal trespass in the third degree. We agree.

To prove that a person is guilty of criminal trespass, the evidence must show that the person "knowingly enter[ed] or remain[ed] unlawfully" in a building or dwelling (Penal Law § 140.10, 140.15). A person "enters or remains unlawfully in or upon premises when he is not licensed or privileged to do so" (Penal Law § 140.00 [5]). The lack of a license or privilege to be in or upon premises may be proven by circumstantial evidence (*see People v Quinones,* 173 AD2d 395 [1991]).

Viewing the evidence in the light most favorable to the Presentment Agency (*see People v Williams,* 84 NY2d 925 [1994]), we find that it was not legally sufficient to establish that the appellant lacked a license or privilege to be in or upon the premises (*cf. People v Quinones, supra*). The only evidence presented to establish that the appellant entered or remained unlawfully *in* or upon the premises was the testimony of a police officer, who observed the appellant in the lobby of an apartment building talking with an unidentified female who walked away upon the officer's approach. Although the appellant advised the officer that he did not live in the building and was just "hanging [out]," and did not offer an explanation for his presence, it was not his obligation to do so. Rather, it was the Presentment Agency's burden to prove unlawful entry or remaining, and it failed to do so. Accordingly, the order of disposition must be reversed and the fact-finding order vacated (*see Matter of Paul N.,* 244 AD2d 489 [1997]). Ritter, J.P., S. Miller, Goldstein and Townes, JJ., concur.