In the Matter of QUANEL M., a Person Alleged to be a Juvenile Delinquent, Appellant. [777 NYS2d 726]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated September 2, 2003, which, upon a fact-finding order of the same court dated June 16, 2003, made after a hearing, finding that the appellant had committed acts, which, if committed by an adult, would have constituted the crimes of criminal trespass in the third degree and resisting arrest, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated June 16, 2003.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, so much of the fact-finding order as found that the appellant committed acts, which, if committed by an adult, would have constituted the crime of criminal trespass in the third degree, is vacated, that branch of the petition which relates to that crime is dismissed, and the matter is remitted to the Family Court, Kings County, for a new disposition; the finding that the appellant committed acts, which, if committed by an adult, would have constituted the crime of resisting arrest, is affirmed.

To prove that a person is guilty of criminal trespass in the third degree in violation of Penal Law § 140.10 (e), the evidence must show that the person knowingly entered or remained "unlawfully" in a "public housing project in violation of conspicuously posted rules or regulations governing entry and use thereof." A person " 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so" (Penal Law § 140.00 [5]). The lack of a license or privilege to be in or upon premises may be proven by circumstantial evidence (*see People v Sanchez*, 61 NY2d 1022 [1984]; *People v Quinones*, 173 AD2d 395 [1991]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]),

we find that it was not legally sufficient to establish that the appellant lacked a license or privilege to be in or upon the premises (*see Matter of Daniel B.*, 2 AD3d 440 [2003]). In any event, the finding as to that crime was against the weight of the evidence as the appellant testified at the fact-finding hearing that he entered the lobby through an unlocked door to reach the apartment of a friend with whom the appellant hoped to play basketball. Considering all of the evidence, the presentment agency failed to prove the elements of unlawful entry or remaining unlawfully beyond a reasonable doubt. Accordingly, we vacate so much of the fact-finding order as found that the appellant committed acts, which, if committed by an adult, would have constituted that crime and dismiss that branch of the petition which relates to that crime (*see Matter of Daniel B., supra; Matter of Paul N.*, 244 AD2d 489 [1997]).

We reject the appellant's contention, however, that the charge of resisting arrest should have been dismissed on the basis that the arrest was not authorized. The arresting officer had probable cause to place the appellant under arrest (*see People v Gonzalez,* 250 AD2d 545 [1998]; *Matter of Dalvin T.*, 128 AD2d 884 [1987]; *see also Matter of Darnel B.*, 248 AD2d 464 [1998]; *Matter of Kara M.*, 242 AD2d 630 [1997]). The evidence established, beyond a reasonable doubt, that the appellant attempted to prevent an authorized arrest (*see* Penal Law § 205.30).

The appellant's remaining contentions are without merit. S. Miller, J.P., Adams, Cozier and Rivera, JJ., concur.