■ In the Matter of JAMES C., a Person Alleged to be a Juvenile Delinquent, Appellant. [805 NYS2d 13]—

Order of disposition, Family Court, Bronx County (Harold J. Lynch, J.), entered on or about July 1, 2004, adjudicating appellant a juvenile delinquent and placing him with the Office of Children and Family Services for 12 months, unanimously reversed, on the law, without costs, the fact-finding order vacated and the petition dismissed.

Following a fact-finding hearing, appellant was found to have committed an act which, if committed by an adult, would constitute the crime of criminal trespass in the third degree. Under the particular theory of that crime at issue on this appeal, the presentment agency was required to prove that appellant "knowingly enter[ed] or remain[ed] unlawfully" in a "public housing project in violation of conspicuously posted rules or regulations governing entry and use thereof" (Penal Law § 140.10 [e]).

The presentment agency's evidence at the fact-finding hearing established that appellant was in the lobby of the public housing project for about one minute before being approached by a police officer, but failed to establish that appellant had remained in the lobby in violation of any "conspicuously posted rules or regulations." Although the police officer testified that there were "No Trespassing" signs in the lobby, he could not recall the specific location of those signs. Viewing this testimony in the light most favorable to the presentment agency, we can conclude only that there were "No Trespassing" signs in the lobby, not that they were "conspicuously posted."

Moreover, even if we were to assume the signs were "conspicuously posted," the presentment agency was required to prove that appellant remained in the lobby "in violation of conspicuously posted *rules or regulations governing entry and use thereof*" (Penal Law § 140.10 [e] [emphasis added]). Signs in the lobby stating only "No Trespassing" do not constitute "rules or regulations governing entry and use" of the lobby, and thus appellant could not have violated them. Especially in the absence of any evidence that there were such signs on the building's door—which opens directly into the lobby—signs in the lobby, wherever they were, that state only "No Trespassing" are inherently equivocal. If adjacent to either the two stairwells or the set of elevators somewhere in the lobby, they could reasonably

be interpreted to bar entering or remaining only in the stairwells or elevators. In any event, such signs certainly would not establish that appellant had violated the posted "rules or regulations governing entry and use" of the public housing project. For these reasons, this fatal defect in the presentment agency's case was not remedied by appellant's witness, who testified in this respect only that there were three or four "No Trespassing" signs posted "right by the elevator" in the lobby.

To be sure, when appellant was approached by the officer he initially did not give him a reason for being in the building. And although he later told the officer he was in the building "hanging out" with friends, he did not provide the officer, in response to the officer's questions, with any information concerning the name and apartment number of the building resident with whom he was "hanging out." Appellant's refusal to provide the explanation the officer sought, however, has no logical bearing on the adequacy of the proof that appellant remained in the lobby "in violation of conspicuously posted rules or regulations governing entry and use" of the building. Moreover, as the Second Department has stated on similar facts, "[a]lthough the appellant advised the officer that he did not live in the building and was just 'hanging [out],' and did not offer an explanation for his presence, it was not his obligation to do so" (*Matter of Daniel B.*, 2 AD3d 440, 441 [2003]).

Given our conclusion that the evidence was legally insufficient, we need not reach appellant's additional contention that the Family Court's finding was against the weight of the evidence. Concur—Marlow, J.P., Ellerin, Williams, Catterson and McGuire, JJ.