■ In the Matter of BRYAN C., a Person Alleged to be a Juvenile Delinquent, Appellant. [805 NYS2d 105]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Bogacz, J.), dated December 9, 2004, which, upon a fact-finding order of the same court dated October 19, 2004, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated October 19, 2004.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The issue of whether the presentment agency adduced legally sufficient evidence to establish the appellant's identity is unpreserved for appellate review (*see Matter of Hector R.,* 248 AD2d 390 [1998]; *Matter of Aaron B.,* 194 AD2d 666, 667 [1993]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see* Family Ct Act § 342.2 [2]; *Matter of David H.,* 69 NY2d 792 [1987]; *cf. People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the appellant's identity as the perpetrator beyond a reasonable doubt.

Moreover, "[w]hen a witness positively identifies a person as the perpetrator of a crime, the weight of the evidence of identification is a question primarily for the fact finder, unless it is incredible as a matter of law" (*Matter of Ryan W.,* 143 AD2d 435, 436 [1988]). Upon the exercise of our factual review power, we are satisfied that the Family Court's findings were not against the weight of the evidence (*see Matter of James B.,* 262 AD2d 480, 481 [1999]; *cf.* CPL 470.15 [5]). Cozier, J.P., Krausman, Skelos and Lunn, JJ., concur.