■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANUM MOORE, Also Known as CURTIS RIELY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY MOORE, Appellant. [826 NYS2d 570]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Aloise, J.), rendered February 15, 2005, convicting him of resisting arrest under indictment No. 2044/03, upon a jury verdict, and imposing sentence, (2) an amended judgment of the same court also rendered February 15, 2005 revoking a sentence of probation previously imposed by the same court (Grosso, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal possession of a controlled substance in the third degree under indictment No. 10397/00, and (3) an amended judgment of the same court (Aloise, J.) also rendered February 15, 2005 revoking a sentence of probation previously imposed by the same court (Grosso, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree under indictment No. 10400/00.

Ordered that the judgment and the amended judgments are affirmed.

The defendant's contention that the evidence was legally insufficient to establish his conviction of resisting arrest is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contentions with respect to errors in the jury charge are unpreserved for appellate review and, in any event, are without merit (*see* CPL 300.10 [2]; *People v Knight,* 87 NY2d 873, 874 [1995]; *People v Inniss,* 83 NY2d 653, 659 [1994]; *People v Whalen,* 59 NY2d 273, 279 [1983]; *People v Malloy,* 55 NY2d

296, 301-303 [1982], *cert denied* 459 US 847 [1982]; *People v Love*, 244 AD2d 431 [1997]; *People v Gamble*, 182 AD2d 638 [1992]). Contrary to the defendant's further contention, he received meaningful assistance of counsel (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d 708, 712-714 [1998]; *People v Thompson*, 124 AD2d 687, 688 [1986]). Schmidt, J.P., Mastro, Santucci and Fisher, JJ., concur.