In the Matter of MICHAEL H., Appellant. [833 NYS2d 511]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated May 2, 2006, which, upon a fact-finding order of the same court dated March 22, 2006, made after a hearing, finding that the appellant had committed an act which constituted the crime of unlawful possession of weapons by persons under 16 and an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree, adjudged

him to be a juvenile delinquent and, inter alia, placed him on probation under the supervision of the Probation Department of the County of Queens for a period of 18 months upon stated terms and conditions. The appeal brings up for review the fact-finding order dated March 22, 2006.

Ordered that the order of disposition is modified, on the law, (1) by deleting from the first decretal paragraph thereof the provision adjudicating the appellant a juvenile delinquent based upon the finding that he committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree and substituting therefor a provision dismissing that count of the petition, and (2) by deleting the second and third decretal paragraphs thereof placing the appellant on probation under the supervision of the Probation Department of the County of Queens for a period of 18 months upon stated terms and conditions; as so modified, the order of disposition is affirmed, without costs or disbursements, the fact-finding order is modified accordingly, and the matter is remitted to the Family Court, Queens County, for a new disposition on the adjudication of juvenile delinquency on the crime of unlawful possession of weapons by persons under 16.

As correctly conceded by the presentment agency, there was a failure to prove all the elements of the first count of the petition, that the appellant committed an act which, if committed by an adult, would have constituted criminal possession of a weapon in the fourth degree. That crime requires proof the individual possessed a rifle, shotgun, or firearm. An air gun is not a firearm (*see People v Layton*, 302 AD2d 408 [2003]; *People v Jones*, 54 AD2d 740 [1976]).

The second count of the petition charged the appellant with unlawful possession of weapons by persons under16 pursuant to Penal Law § 265.05. That section specifically prohibits the possession of an air gun by a person under the age of 16.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Quanel M.*, 8 AD3d 386 [2004]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant violated Penal Law § 265.05. Moreover, resolution of issues of credibility is primarily a matter to be determined by the trier of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of Christian M.*, 37 AD3d 834 [2007]). Upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the findings of fact with respect to the

second count of the petition were not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]). Santucci, J.P., Goldstein, Carni and McCarthy, JJ., concur.