■ In the Matter of SHAWN D., a Person Alleged to be a Juvenile Delinquent, Appellant. [833 NYS2d 404]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated April 7, 2006, which, upon a fact-finding order of the same court dated February 17, 2006, made after a hearing, finding, inter alia, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, attempted robbery in the second degree, robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and menacing in the second degree, adjudged him a juvenile delinquent and placed him on probation for a period of 18 months upon certain conditions.

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted robbery in the second degree and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant failed to preserve for appellate review his contention that the evidence adduced at the fact-finding hearing was legally insufficient to establish his identity as one of the perpetrators since he did not raise this claim at the hearing (*cf.* CPL 470.05 [2]; *see Matter of Hector R.,* 248 AD2d 390 [1998]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d

792, 793 [1987]; *cf. People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the appellant's identity as the perpetrator beyond a reasonable doubt (*see People v Caballero,* 177 AD2d 496 [1991]; *People v Washington,* 111 AD2d 418 [1985]). Moreover, upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Bryan C.,* 23 AD3d 652 [2005]; *cf. People v Romero,* 7 NY3d 633 [2006]).

However, as the presentment agency correctly concedes, since the appellant was found to have committed acts which, if committed by an adult, would have constituted the crime of attempted robbery in the first degree, the count of the petition charging acts which, if committed by an adult, would have constituted the crime of attempted robbery in the second degree, should have been dismissed as a lesser included offense (*cf.* CPL 1.20 [37]; 300.40 [3] [b]; *see Matter of Jaleel H.,* 36 AD3d 808 [2007]; *Matter of Eduardo D.-B.,* 18 AD3d 468, 469 [2005]). Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.