■ In the Matter of TERRANCE B., a Person Alleged to be a Juvenile Delinquent, Appellant. [837 NYS2d 231]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Spodek, J.), dated June 16, 2006, which, upon a fact-finding order of the same court dated January 6, 2006, made after a hearing, finding, inter alia, that the appellant had committed an act which, if committed by an adult, would have constituted the crime of resisting arrest, adjudged him to be a juvenile delinquent, and placed him with the Office of Children and Family Services for a period of 12 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the testimony of the arresting officer at the fact-finding hearing was less credible than his own testimony, and thus, the evidence adduced at the fact-finding hearing was legally insufficient to establish the elements of resisting arrest. Specifically, the appellant argues that the presentment agency failed to prove, beyond a reasonable doubt, that the arresting officer had probable cause to arrest him for theft of services, and thus, there was legally insufficient evidence to establish the authorized arrest element of resisting arrest. The appellant, however, failed to preserve these arguments for appellate review because he did not raise them at the hearing (see Matter of Hector R., 248 AD2d 390 [1998]; cf. CPL 470.05 [2]; People v Moore, 36 AD3d 719 [2007]). In any event, viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; cf. People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of resisting arrest (see Penal Law § 205.30), notwithstanding that the charge for which he was arrested was dismissed (see Matter of Carlton F., 25 AD3d 610, 611-612 [2006]; People v Laltoo, 22 AD3d 230 [2005]; People v Thomas, 239 AD2d 246, 247 [1997]; Matter of James T., 189 AD2d 580 [1993]). Moreover, upon the exercise of our factual review power, we find that the Family Court's fact-finding determination was not against the weight of the evidence (see Matter of Bryan C., 23 AD3d 652 [2005]; cf. CPL 470.15 [5]).

Contrary to the appellant's contentions, the petition was not jurisdictionally defective as it fully satisfied the sufficiency and verification requirements of the Family Court Act (see Family Ct Act § 311.1 [3] [h]; [4]; § 311.2 [2], [3]; Matter of Jahron S., 79 NY2d 632, 636 [1992]; cf. CPLR 3020).

The Family Court providently exercised its discretion in placing the appellant with the Office of Children and Family Services for a period of 12 months. The Family Court has broad discretion in entering dispositional orders (*see* Family Ct Act § 141). The court is required to choose the least restrictive available alternative which is consistent with the best needs of the juvenile (*see Matter of Benjamin J.*, 10 AD3d 608, 609 [2004]; *Matter of Naiquan T.*, 265 AD2d 331, 332 [1999]; *Matter of Jamil W.*, 184 AD2d 513, 514 [1992]). The court carefully considered the less-restrictive alternatives to placing the appellant in a residential facility, and properly balanced the needs of the juvenile and the need for the protection of the community (*see Matter of Shea McF.*, 33 AD3d 801, 802 [2006]; *Matter of Carliph T.*, 26 AD3d 440, 441 [2006]; *Matter of Jamal J.*, 8 AD3d 382, 383 [2004]; *Matter of Jason W.*, 207 AD2d 495, 496 [1994]; Family Ct Act § 352.2 [2]). Crane, J.P., Ritter, Lifson and Balkin, JJ., concur.