■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES VINES, Appellant. [984 NYS2d 609]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Apotheker, J.), rendered December 9, 2011, convicting him of criminal trespass in the second degree,

resisting arrest, and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal trespass in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant correctly contends that his conviction of criminal trespass in the second degree was not supported by legally sufficient evidence. "A person is guilty of criminal trespass in the second degree when . . . he or she knowingly enters or remains unlawfully in a dwelling" (Penal Law § 140.15 [1]). "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so" (Penal Law § 140.00 [5]).

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), it was insufficient to establish that the defendant lacked license or privilege to enter and remain in the subject dwelling, which belonged to his father. To prove that element of the offense, the People submitted evidence that the defendant's sister had prohibited the defendant from entering the dwelling in reliance upon the powers conferred upon her by a power of attorney she was given by the father. However, the particular power of attorney given to the defendant's sister did not confer upon her authority to make such informal, personal decisions on her father's behalf (*cf. Matter of Culbreth*, 48 AD3d 564 [2008]), and there was no other evidence that the defendant was not permitted to be in his father's house. Accordingly, the People failed to prove, beyond a reasonable doubt, that the defendant entered or remained unlawfully in the subject dwelling (*see Matter of Quanel M.*, 8 AD3d 386, 386-387 [2004]; *Matter of Daniel B.*, 2 AD3d 440, 441 [2003]; *Matter of Paul N.*, 244 AD2d 489 [1997]).

However, contrary to the defendant's contention, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), it was legally sufficient to support the defendant's conviction of resisting arrest (Penal Law § 205.30). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to that charge was not against the weight of the evidence (*see Matter of Terrance B.*, 40 AD3d 1083 [2007]; *Matter of Quanel M.*, 8 AD3d at 387; *People v Coulanges*, 264 AD2d 853 [1999]; *see generally People v Romero*, 7 NY3d 633 [2006]). The police had probable cause to place the defendant under arrest, and the evidence established, beyond a reasonable doubt, that the defend-

ant attempted to prevent an authorized arrest (*see* Penal Law § 205.30; *cf. Matter of Terrance B.*, 40 AD3d 1083 [2007]; *Matter of Quanel M.*, 8 AD3d 386 [2004]).

In light of our determination, we need not reach the defendant's remaining contention. Skelos, J.P., Dickerson, Leventhal and Hall, JJ., concur.