■ In the Matter of DIAMOND B., a Person Alleged to be a Juvenile Delinquent, Appellant. [17 NYS3d 390]—

Order of disposition, Family Court, New York County (Susan R. Larabee, J.), entered on or about January 15, 2014, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that she committed acts that, if committed by an adult, would constitute the crimes of criminal trespass in the second and third degrees and false personation, and placed her with the Office of Children and Family Services for a period of 12 months, unanimously modified, on the law, to the extent of vacating the finding as to criminal trespass in the third degree and dismissing that count of the petition, and otherwise affirmed, without costs.

The court properly denied appellant's motion to suppress her statement to the police, in which she gave a false name, resulting in the false personation charge (Penal Law § 190.23). The police observed appellant, a young teenager, in a stairwell late at night while in the company of an apparent drug addict. Although appellant's activities were not necessarily indicative of criminality, the record shows that the police officer had an objective, credible reason to make a minimally intrusive inquiry into whether appellant lived in the building. The record also demonstrates that a reasonable person in appellant's position would not have thought she was in custody when the officer asked her name and date of birth (*see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]). In any event, these pedigree questions did not require *Miranda* warnings, even though the officer warned appellant, as required by the false personation statute, that providing false information

would result in an additional charge (*see People v Ligon*, 66 AD3d 516 [1st Dept 2009], *lv denied* 14 NY3d 889 [2010]).

The court's finding regarding false personation and second-degree criminal trespass was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). However, with regard to third-degree trespass, there was insufficient evidence to support the element of "conspicuously posted rules or regulations governing entry and use" of a housing project (Penal Law § 140.10 [e]; *see Matter of James C.*, 23 AD3d 262 [1st Dept 2005]). Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.