People v Gateau (2021 NY Slip Op 50761(U))

[*1]

People v Gateau (Kynlin)

2021 NY Slip Op 50761(U) [72 Misc 3d 137(A)]

Decided on July 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2016-821 K CR

The People of the State of New York,
Respondent,
against
Kynlin Gateau, Appellant. 

Appellate Advocates (David L. Goodwin of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ann Bordley and Andrew S. Durham of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Dena Douglas, J.), rendered March 1, 2016. The judgment, upon a jury verdict, convicted
defendant of criminal trespass in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the accusatory
instrument is dismissed.
Following a jury trial, defendant was convicted of criminal trespass in the second degree
(Penal Law § 140.15 [1]), and sentence was imposed. 
Even assuming that the People established that the premises allegedly trespassed upon was a
"dwelling" (see Penal Law § 140.00 [3]), as is required in a prosecution for violating
Penal Law § 140.15 (1), viewing the evidence at trial in a light most favorable to the People
(see People v Contes, 60 NY2d 620 [1983]), we find that the evidence was insufficient to
establish that defendant "enter[ed] or remain[ed] unlawfully in [the] dwelling," another necessary
element of the offense (Penal Law § 140.15 [1]). "A person 'enters or remains unlawfully' in
or upon premises when he is not licensed or privileged to do so" (Penal Law § 140.00 [5]).
However, the evidence failed to establish, beyond a reasonable doubt, that defendant lacked a
license or privilege to enter or remain in the dwelling (see People v Brown, 25 NY2d
374, 377 [1969]; Matter of Quanel M., 8 AD3d 386, 386-387 [2004]; Matter of
Daniel B., 2 AD3d 440, 441 [2003]; Matter of Paul N., 244 AD2d 489 [1997]). 
In view of the foregoing, we pass upon no other issue.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is [*2]dismissed.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 30, 2021