People v Johnson (2025 NY Slip Op 00061)

People v Johnson

2025 NY Slip Op 00061

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Ind. No. 502/14 Appeal No. 3407 Case No. 2018-1431 

[*1]The People of the State of New York, Respondent,
v
Joseph Johnson, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Paul Wiener of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jonathan Sclar of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered on or about September 26, 2016, convicting him, after a jury trial, of burglary in the second degree and sentencing him, as a second violent felony offender, to a term of 8 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque,  NY3d , 2024 NY Slip Op 05244 [2024]). There is no basis for disturbing the jury's credibility determination.
The issue of the legal sufficiency of defendant's intent when he entered the apartment is unpreserved (CPL § 470.05[2]; People v Hawkins, 11 NY3d 484, 492 [2008]), and we decline to review it in the interest of justice. As an alternative holding, we conclude that the evidence was legally sufficient. The trial court limited the intent element for second-degree burglary (Penal Law § 140.25), instructing the jury that, to convict defendant, they must find that defendant entered the apartment "with the intent to commit one of the above charged crimes or a crime involving sexual conduct without [the complainant]'s consent inside the building." The complainant testified that defendant lured her to the building intending to commit a crime involving sexual conduct without her consent inside a vacant apartment in the building. DNA evidence and a recording of a phone call with defendant partially corroborated her account.
As to the preserved element of unlawful entry, the trial court instructed the jury that they must find that defendant "unlawfully entered in a building of Guerys Mojica, the lawful custodian." Generally, "a person is 'licensed or privileged' to enter private premises when he has obtained the consent of the owner or another whose relationship to the premises gives him authority to issue such consent" (People v Graves, 76 NY2d 16, 20 [1990]). The People relied on the testimony of the building manager that defendant never lived in the building; that no one was living in the apartment on the date of the incident; that the apartment was vacant and under construction on that date; and that, to his knowledge, defendant was not assisting in the renovation. This sufficed, notwithstanding that the building manager did not live in the building and did not know all who were working with the building superintendent on the renovations (see People v Quinones, 173 AD2d 395, 396 [1st Dept 1991], lv denied 78 NY2d 972 [1991]).
For the same reasons, there is support in the record for the jury's determination to credit the testimony of the prosecution witnesses, and the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d at 349).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025