Burke, J.
On March 28, 1968 at about 6:15 p.m., the complainant, an insurance broker, entered his street-level office on 149th Street in The Bronx. The defendant had entered the office just before the complainant. The complainant approached the defendant and said “ You are the young man who was here on Tuesday. What do you want now? ’ ’ The defendant replied that he wanted to speak to him ‘ ‘ in the back ’ ’ of the office. The complainant then told the defendant, “ You can talk to me right here ”, but the defendant was “very insistent” on speaking to him ‘ ‘ in the back. ’ ’ At this point, the defendant also put his hand on the complainant’s chest. The complainant then told him ‘ ‘ If you are going to to talk to me, fellow, it will be here or in the street right in front of the office.” The defendant replied Okay ’ ’ and, as he turned to leave the office, complainant took his picture. On the sidewalk in front of the office, complainant suggested that the defendant “get lost” and defendant replied that complainant would be doing himself a favor by giving him “ a little money ”.
Defendant was arrested and charged with criminal trespass in the second degree (Penal Law, § 140.10)[1] and menacing (Penal Law, § 120.15). At the trial in the Criminal Court of the City of New York, Bronx County, complainant testified to the facts recited above and his wife, who was present during the incident, substantiated the details of his testimony. In addition, on cross-examination, she testified that the office was open for business at the time defendant entered and that “ people [do] walk in * * * uninvited.” The People then rested and defendant moved to dismiss for failure to establish a prima facie case but the motion was denied. Defendant then rested and moved for acquittal on the ground that his guilt had not been proven beyond a reasonable doubt and this motion was also denied. Defendant was convicted of criminal trespass in the second degree and acquitted of menacing. The judgment of conviction was affirmed by the Appellate Term, First Depart *376 ment, and defendant appeals pursuant to permission granted by a Judge of this court.
The judgment of conviction must be reversed and the complaint dismissed on the ground that the People failed to establish a prima facie case under the terms of the statute. The Penal Law defines criminal trespass in the second degree as follows: “ A person is guilty of criminal trespass in the second degree when he knowingly enters or remains unlawfully in a building or upon real property which is fenced or otherwise enclosed in a manner designed to exclude intruders.” (§ 140.10.)
Section 140.00 (subd. 5) defines the phrase “ enter or remain unlawfully ’ ’ as follows: “ A person [1] enters or remains unlawfully ’ in or upon premises when he is not licensed or privileged to do so. A person who, regardless of his intent, enters upon or remains in or upon premises which are at the time open to the public does so with license or privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of the premises or other authorized person.”
Since the defendant concededly entered a “building”, the crucial element of the crime required to be established by the people was that he either entered or remained unlawfully. Simply put, the first sentence of the definitional section defines the phrase negatively in terms of the absence of a license or privilege. The next sentence provides that the license or privilege does exist, regardless of the intent of the person who enters or remains, when the premises are, at the time in question, open to the public. Here, one of the .prosecution’s own witnesses established that the office was open to the public at the time the defendant entered. He was, therefore, licensed or privileged to enter and his conviction may not be predicated upon an unlawful entry, absent a lawful order not to enter, which indisputably was not given. Furthermore, in light of the argument advanced upon this appeal in support of an affirmance, it should be noted that the express language of the statute (“regardless of his intent ”) clearly rejects any possible resort to the proposition that an otherwise existing license or privilege to enter premises open to the public may be extinguished because of the defendant’s suppositious “criminal intent” at the time of entry. (See People v. Sine, 277 App. Div. 908; see, also, Denzer and McQuillan, Practice Commentary Penal Law, § 140.00 *377 [McKinney’s Cons. Laws of N. Y., Book 39, part 1, pp. 340, 342].)
Since it is clear that defendant lawfully entered the premises, a conviction could be had only if the prosecution established that (1) a lawful order not to remain was personally communicated to the defendant and (2) that he defied such a lawful order. There is absolutely no evidence in this record which can be read as establishing that such an order was ever personally communicated to the defendant and, of course, he could not have defied an order which was never given.[2] In fact, the complainant’s own testimony points to what was almost an invitation to stay. Complainant, after refusing to go to the back of the office, first told the defendant “We are going to talk right here or not at all ’ ’ and then told him that ‘ ‘ it will be here or in the street right in front of the office.” No reasonable process of construction, interpretation or inference can make a silk purse out of this sow’s ear by equating these statements with the personal communication to the defendant of an ‘ ‘ order ’ ’ not to remain.
Furthermore, as noted above, a lawful order not to remain vitiates the license or privilege only if the person to whom the order is communicated defies it. Even if the language of the complainant’s statements were to be stretched so far as to read it as an “order”, the complainant’s own testimony indicates that the defendant replied, “ Okay,” and turned and left the office, thereby “complying” rather than “defying.” Absent such an order and defiance of it, the defendant did not unlawfully remain and the judgment of conviction thus has no support in the evidence.
Since the People thus failed in their burden of proving each and every element of the crime charged, and, specifically, the absence or loss of a statutory privilege or license to enter and remain (see People v. Popack, 14 N Y 2d 566; People v. Barton, 18 A D 2d 612), the judgment of conviction should be reversed and the complaint dismissed.
Chief Judge Fuld and Judges Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Judgment reversed, etc.

. The crime is now designated as criminal trespass in the third degree by virtue of a 1969 amendment (L. 1969, ch. 341) which added a felony-grade criminal trespass in the first degree (§ 140.17). The addition of this new grade required that each of the existing grades be dropped one place in the degree structure without, however, changing the classification of the existing crimes.

. Although the complainant alleged in his affidavit that defendant, “ when asked to leave, refused to do so ”, there was no such testimony given at the trial.