Julian A. Hertz, J.
After a preliminary hearing, and due consideration, the court grants the defendant’s motion to dismiss charges of violations of sections 140.15 and 140.35 of the Penal Law, respectively, criminal trespass in the second degree and possession of burglar’s tools. There remain pending against the defendant charges of petty larceny and possession of stolen property (violations of Penal Law, §§ 155.25,165.40).
The facts are undisputed (at this stage and for the purpose *655 of this motion). It appears that the defendant was no stranger to the complaining witness and her brother (the sole witness at the preliminary hearing). Indeed, he may be their stepbrother. Moreover, it is not disputed that the defendant stayed at the subject apartment 5G at 785 Courtlandt Avenue, Bronx, New York, between early October, 1975 and November 23, 1975, the date of the incident giving rise to these charges. His clothes were in the apartment and there is some indication that he was raised in this household. According to Mr. Matos, the People’s witness, defendant was recovering from a gunshot wound during that period. More pertinent is the fact that just prior to the incident the defendant had asked Mr. Matos for the key to the apartment to enable him to get his. sweater. It was handed to him in response to his request. Nothing suggests that the license to enter the apartment was restricted solely to allow the defendant that retrieval. He returned the key 10 minutes later.
Soon after that, the defendant was observed re-entering the building and, then, he and another unknown individual left the building with the property forming the basis of these charges (a television set, stereo equipment and a leather jacket).
Crediting the District Attorney’s argument (for the purpose of this motion) that the defendant did not have unrestricted access to or use of the apartment, nor did he have his own key to enter, nevertheless, it does not follow that the already described license, quite obviously possessed by the defendant, was rendered inoperative by an intent to steal formulated at some indefinite point in time. In this connection the admission by Mr. Matos is significant that the defendant was living in the subject apartment on and for some weeks before the date of the alleged crime.
The court concludes as a matter of law that the defendant had authority to enter the apartment on November 23, 1975, derived from the witness Matos. Proceeding on the defendant’s concession (for the purpose of this motion) that the defendant entered the apartment pursuant to authorization, he cannot be the subject of a charge of criminal trespass in the second degree in violation of section 140.15 of the Penal Law which speaks of knowing entry into a dwelling. That term is further defined in subdivision 5 of section 140.00 of the Penal Law as an entry without license or privilege.
If, for the sake of argument, the court were to consider the *656 issue on the supposition that the fact finder might conclude that the defendant had a criminal intent to commit a theft when he gained permission to enter or at any time prior to actual entry, nevertheless, under the theory in People v Brown (25 NY2d 374), he could not be charged with criminal trespass. In that case the high court (p 376) rejected the argument that an "otherwise existing license or privilege to enter premises open to the public may be extinguished because of the defendant’s suppositious ’criminal intent’ at the time of entry.” It would be well to note that the fact that the subject premises was not open to the public does not strike this court ás generating a distinction with a difference. Further, there was no evidence in this case that the defendant’s license to enter was terminated on the subject date. For that reason the decision in People v Licata (28 NY2d 113, 117) is inapposite.
The court finds the charge of possession of burglar’s tools (Penal Law, § 140.35), based on the use of the key delivered to the defendant, to be legally unsupportable. As argued, nothing in this case suggests any adaptation of the key whatsoever. It is clear that the apartment key was delivered and utilized to gain entrance in the normal way.