OPINION OF THE COURT
Joseph M. O’Donnell, J.
The defendant moves to set aside the verdict of this court finding him guilty of criminal trespass in the second degree (Penal Law, § 140.15), contending that he remained on the premises under color of right.
In a matrimonial action, a judgment was entered August 26, 1977 (Cheyne v Cheyne, Supreme Ct, Suffolk County, De Luca, J.) in which it was decreed "That Plaintiff shall have the right of exclusive use and occupancy of the marital abode —commencing August 31, 1977. In the event that the Defendant shall hereafter be awarded full custody of the children, he shall have the right of exclusive use and occupancy of the marital abode.”
Defendant did not dispute that he remained on the premises on September 1, 1977, that he knew of the judgment of the Supreme Court, that he had been shown a copy of that judgment on September 1, 1977, and had, in fact, communicated with his attorney on September 1, 1977, regarding that judgment, as confirmed by his attorney who also testified, that he had been warned by the police officer early in the day and again at midday that if he did not vacate that they would arrest him and that, in fact, he remained. There was no *555 "award” of full custody of the children so that that part of the judgment did not come into effect.
The issue presented is whether a former tenant by the entirety may be guilty of trespass if exclusive possession of the premises has been awarded to the other former tenant by the entirety by the judgment of divorce.
There does not seem to be any reported case dealing with this question, although one would believe it to be a fairly common occurrence. Perhaps the preferred remedy is to return to the court issuing the judgment. That of itself does not preclude the possibility of a charge of criminal trespass.
The Supreme Court has the power to award exclusive possession of the property to the wife, as a part of the judgment in the divorce action. (Domestic Relations Law, § 234.) After the date specified in the order, the wife was entitled to exclusive possession and could exclude the husband.
Defendant may have originally entered the premises lawfully, but he could be guilty of trespass for remaining on the premises after termination of legal right to remain. (People v Licata, 28 NY2d 113.)
In People v Brown (25 NY2d 374, 377), the Court of Appeals set forth two requisites to a conviction for criminal trespass in situations in which the defendant did not enter the premises unlawfully: "(1) a lawful order not to remain was personally communicated to the defendant and (2) that he defied such lawful order.”
Defendant raised the issue of mistake of fact or collateral mistake of law, contending that as one who honestly believes he is licensed or privileged to remain cannot be guilty of trespass as in People v Basch (36 NY2d 154).
The assertion that full custody of the children was to be litigated does not fulfill the requirements of an "award” as set forth in the judgment. The wording of the judgment is unambiguous.
The lawful order was personally communicated to the defendant, and he remained in the premises in defiance of that order.
The motion to set aside the conviction is denied.
A probation report is hereby ordered, defendant shall present himself to the Probation Department for interview, and sentencing shall be on April 20, 1978.