In the Matter of WILLIAM R., Appellant

On July 15, 1987, at approximately 2:15 P.M., when his dry cleaning store was open to the public, the complainant owner heard an employee yelling and screaming. He ran to the front of the store and observed the appellant inside the store, standing "where the customers are suppose *[sic]* to be". Another youth was standing outside, looking into the store, and the complainant pushed him inside the store. At that moment, the appellant ran towards the complainant with a knife, a struggle ensued, the complainant was cut on his finger, and the appellant was subdued and held until the police arrived and arrested him. The charges against the appellant included the crimes of attempted robbery in the first degree, attempted robbery in the second degree, burglary in the second degree, burglary in the third degree, assault in the second degree, assault in the third degree and tampering with a witness in the third degree. The court found that the evidence did not

establish the attempted robbery, assault and other charges, but concluded that the appellant had committed acts which constituted burglary in the second degree (Penal Law § 140.25) because he "absolutely entered the premises of the complaining witness with intent to commit a crime therein". We cannot agree.

Penal Law § 140.00 (5) specifies, in part: "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so. A person who, regardless of his intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or other authorized person. A license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public".

The evidence established that the appellant entered the dry cleaning store when it was open to the public and he stood in that part where customers usually remain. Thus, it is clear that the appellant lawfully entered the premises (see, People v Brown, 25 NY2d 374). Thus, the petitioner had the burden of proving that a lawful order not to remain was personally communicated to the appellant and that he defied such a lawful order (People v Leonard, 62 NY2d 404, 408; People v Brown, supra, at 376). The record simply does not bear out any such communication. Accordingly, the petitioner has failed in his burden of proving each and every element of the offense charged and the order of disposition cannot stand (CPL 70.20; People v Brown, supra, at 377). Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.