OPINION OF THE COURT
Arthur C. Kellman, J.
The defendant is charged with a violation of section 1174 (a) of the Vehicle and Traffic Law. Upon defendant’s plea of not guilty, a trial of the issues was conducted on April 3, 1995.
*958 The complaining witness, a police officer and a member of the City of White Plains Police Department, testified that on November 2, 1994, at approximately 7:50 a.m., he was sitting in an unmarked police vehicle parked in the parking lane on the south side of Martine Avenue, in the City of White Plains. He testified he observed a school bus, with markings of the Scarsdale School District, with its rear red signal lights flashing, parked on the north side of Martine Avenue. No further description of the bus was offered by the complaining officer. He testified he observed defendant, driving a sedan, pass the school bus while the bus was stopped with its red signal lights flashing. On cross-examination, the officer acknowledged that he did not observe any passengers near the bus, nor did he observe any boarding or leaving the bus or a school bus in front of the bus allegedly passed by defendant.
The defendant testified that the bus was parked in front of an office building and that the bus’s red signal lights were not flashing when he passed the bus but that the bus’s amber signal lights were flashing.
In what appears to be a matter of first impression, the court must determine if, to convict an alleged violator of Vehicle and Traffic Law § 1174 (a), the People must establish, among other things, that the school bus was, in fact, receiving or discharging passengers or was parked in back of another school bus that was receiving or discharging passengers at the time of the alleged violation.
Vehicle and Traffic Law § 1174 (a) requires that a driver of a vehicle on a public highway, street or private road, upon meeting a school bus which has stopped on the public highway, street or private road to receive or discharge passengers, with the bus’s red visual signal in operation, as described in section 375 (20) of the Vehicle and Traffic Law, may not proceed until the school bus resumes motion or until signaled by the driver or a police officer to proceed.
Although the defendant is here charged with a traffic infraction, not a crime, the People must, nevertheless, prove each and every element of the violation (see, People v Brown, 25 NY2d 374 [1969]). One of the elements of section 1174 (a) is that at the time of the alleged violation the school bus was stopped for the purpose of receiving or discharging passengers or that it had stopped behind a school bus that had also stopped to receive or discharge passengers. Here, the People have failed to establish that the school bus the defendant *959 allegedly passed with its red signal in operation was stopped for either of the reasons specified in the statute. The court will not infer the purpose for which the school bus was stopped from the sole fact that it had its red signal lights in operation.
Further, even if the court were to presume that the school bus was stopped for one of the statute-specified reasons from the lone fact that it had its red signal lights in operation, the failure of the People to establish that the background of each sign identifying it as a school bus was painted the color known as " 'national school bus chrome’ ”, in conformity with Vehicle and Traffic Law § 375 (20) (b) (1), requires dismissal of the information. (People v Quarantillo, 61 NY2d 992 [1984].) Similarly, section 375 (21) requires that every motor vehicle having a seating capacity of more than seven passengers, used primarily to transport pupils and teachers to and from school, shall be painted the color known as " 'national school bus chrome’ ”. No testimony was offered by the People regarding the color of the vehicle.
Accordingly, the defendant is found not guilty.