■ In the Matter of MAX X., a Person Alleged to be a Juvenile Delinquent, Appellant. ALBANY COUNTY ATTORNEY'S OFFICE, Respondent. [717 NYS2d 773] —Mercure, J. P. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered March 10, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

On September 25, 1999, respondent attempted to attend a dance at Shaker High School in the Town of Colonie, Albany County, as the guest of a male friend who had bought a ticket for him. Because respondent was not a student at Shaker, was not a "date" of a student and had not obtained advance permission to attend the function, respondent was asked to leave. After respondent defied the direction of three separate principals that he leave the school grounds, he was arrested. Ultimately a juvenile delinquency petition was filed and following a factfinding hearing, respondent was found to have engaged in conduct which, if committed by an adult, would constitute the crime of criminal trespass in the third degree (Penal Law § 140.10 [d]). Respondent appeals the ensuing juvenile delinquency adjudication, and we affirm.

In order to establish that a person is guilty of criminal trespass in the third degree, as defined in Penal Law § 140.10 (d), the evidence must show that such person "knowingly enter[ed] or remain[ed] unlawfully" on school premises "in

violation of a personally communicated request to leave the premises from a principal" (*see, Matter of Paul N.*, 244 AD2d 489, 490). The evidence presented at the fact-finding hearing established that three different principals each personally directed that respondent leave the school premises but that respondent defied their requests and remained unlawfully at Shaker (*cf., People v Brown*, 25 NY2d 374, 376-377).

Nor are we persuaded by respondent's claim of privilege. The record provides little basis for a good-faith belief that respondent was attending the dance as a "date" of a male Shaker student, as respondent's claim to that effect was directly refuted by the other boy's testimony, and it is undisputed that no principal had given respondent permission to attend the function, as required by the student handbook then in effect. In any event, any license or privilege that respondent may have had at the time he entered the school building was revoked when the principals advised him that he had no right to be on the school premises and was required to leave.

Respondent's remaining contentions have been considered and found to be lacking in merit.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.