OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
*10 On the afternoon of February 27, 2004, defendant, a former adjunct professor in the English Language Institute (ELI) of Westchester Community College, entered the ELI office located in room 302 of the Academic Arts Building and asked to see his personnel file. He was accompanied by Philip Fayon, another former adjunct professor. At the time, Assistant Dean David Bernstein was working in his inner office of room 302. Although there is some dispute as to when and whether defendant was told by Dean Bernstein that the personnel files were not located in that building but in the Human Resources Department, which was located in another building, there is no dispute about the fact that defendant repeatedly asked to see his personnel file, and that Dean Bernstein repeatedly told defendant to leave the ELI office. Defendant left Dean Bernstein’s inner office but remained in the public area of the ELI office. Ultimately, Don Christman of campus security was called and defendant was informed that he would be arrested if he did not leave the office voluntarily. Defendant stated that he would not leave until he saw his personnel files. Subsequently a Westchester County Police Officer and two detectives responded, all of whom informed defendant that if he did not leave, he would be arrested. After approximately two hours, defendant and Mr. Fayon were arrested and charged with trespass.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we are satisfied that the evidence adduced at trial was legally sufficient to establish defendant’s guilt of trespass beyond a reasonable doubt. Moreover, we find that the verdict was not against the weight of the evidence (see CPL 470.15; People v Bleakley, 69 NY2d 490 [1987]). We note that resolution of issues of credibility is primarily a matter to be determined by the trier of fact, which had the opportunity to see and observe the witnesses, and its determination should be accorded great deference on appeal (see People v Romero, 7 NY3d 633, 644-645 [2006]).
A person is guilty of trespass when “he knowingly enters or remains unlawfully in or upon premises” (Penal Law § 140.05). “A person ‘enters or remains unlawfully’ in or upon premises when he is not licensed or privileged to do so” (Penal Law § 140.00 [5]).
“When the [premises] is ‘open to the public’ at the time of the alleged trespass . . . the accused is presumed to have a license and privilege to be pres *11 ent (id.). In such a case, the People have the burden of proving that a lawful order excluding the defendant from the premises issued, that the order was communicated to the defendant by a person with authority to make the order, and that the defendant defied that order (id.; see People v Brown, 25 NY2d 374, 377)” (People v Leonard, 62 NY2d 404, 408 [1984]).
Although the ELI office in the Academic Arts Building was admittedly a public place, once defendant was told that he would not be given his personnel file, there was a legitimate basis for his being asked to leave. He was asked to do so numerous times by Dean Bernstein, Mr. Christman, the police officer and the detectives, but he remained nonetheless. Thus, defendant lost his license and privilege of remaining on the premises and committed the offense of trespass when he defied said lawful order which was personally communicated to him by an authorized person.
Defendant’s contention that he was denied equal protection of the laws by virtue of the fact that the prosecution against Mr. Fayon was dismissed by a different judge is without merit. In light of the foregoing, there is no basis upon which to overturn the judgment of conviction.
Rudolph, PJ., LaCava and Scheinkman, JJ., concur.