THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR MENDEZ, Appellant. [932 NYS2d 462]—

Defendant's challenge to the sufficiency of the evidence is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Defendant's fingerprint found on a piece of duct tape used to tie up one of the victims was sufficient to support the conviction (*see People v Steele*, 287 AD2d 321, 322 [2001], *lv denied* 97 NY2d 682 [2001]). The circumstances negated any reasonable possibility that defendant innocently placed his fingerprint on the outer surface of the roll of duct tape on some hypothetical occasion, and that the same part of the tape he touched ended up being used in the crime.

Furthermore, there was other evidence of defendant's guilt, consisting of defendant's recorded jailhouse telephone conversations, and defendant's challenges to the admissibility of this evidence are without merit. The jury could have reasonably interpreted these conversations as evincing a consciousness of guilt (*see People v Yazum*, 13 NY2d 302 [1963]), as well as circumstantially implicating defendant in the crime. For example, at one point defendant referred to someone as "the one that did it with me and [another person]."

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alterna-

tive holding, we also reject them on the merits. Concur—Tom, J.P., Andrias, Acosta, Freedman and Richter, JJ.