(April 12, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO TINEO, Appellant. [941 NYS2d 621]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered December 10, 2009, convicting defendant, after a

jury trial, of robbery in the first and second degrees, attempted robbery in the first and second degrees, and burglary in the first degree, and sentencing him to an aggregate term of 17 years, unanimously modified, on the law, and as a matter of discretion in the interest of justice, to reduce the sentences on the robbery in the first degree, robbery in the second degree, attempted robbery in the second degree and burglary in the second degree convictions to concurrent sentences of 13 years, and to reduce the conviction for attempted robbery in the first degree to attempted robbery in the third degree and to reduce the sentence on that conviction to a concurrent term of $1^1/_3$ to 4 years, and otherwise affirmed.

Subdivision (4) of Penal Law § 160.15 defines robbery in the first degree so as to require that in the course of forcibly stealing property the perpetrator "[d]isplays what appears to be a pistol, revolver . . . or other firearm." Such "display must actually be witnessed in some manner by the victim" of the crime (*People v Baskerville*, 60 NY2d 374, 381 [1983]). The evidence supporting the attempted robbery in the first degree count is legally insufficient because it was not established that the victim under that count witnessed the display of a weapon. In fact, the victim testified that she did not see any weapons. We are not persuaded by the People's argument that the victim's testimony left open the possibility that she saw a gun at some point during the home invasion. Speculation is insufficient to meet the People's burden to prove each element of the crime charged (*see People v Brown*, 25 NY2d 374, 377 [1969]).

Defendant's challenges to the sufficiency of the evidence are unpreserved and we decline to grant any further review in the interest of justice. In the alternative, we find that the verdict was based on legally sufficient evidence. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Further, there is no basis for disturbing the jury's credibility determinations, particularly with respect to the conflict between the People's evidence and the defendant's testimony as to how his palm prints came to be found on duct tape that was used to bind the hands of one of the robbery victims (*see People v Mendez*, 89 AD3d 496 [2011]). We find the sentence excessive to the extent indicated. Concur—Saxe, J.P., Friedman, Renwick, DeGrasse and Freedman, JJ.