## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 20, 2014                    518629
_____

ANGELA MARIE BROWN,

                     Appellant-
                     Respondent,

     v                              MEMORANDUM AND ORDER

G. A. HOFFMAN,

                     Respondent-
                     Appellant.

_____


Calendar Date:  October 7, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Clark, JJ.

_____


      Jonathan Wood, County Attorney, Ithaca, for respondent-appellant.

      Edward E. Kopko, Ithaca, for appellant-respondent.

_____


Clark, J.

      Cross appeals from an order of the Supreme Court (Mulvey, J.), entered July 24, 2013 in Tompkins County, which partially denied defendant's motion for summary judgment dismissing the complaint.

      As a result of events related to a disagreement between plaintiff and employees at the Tompkins County Regional Airport, defendant, a Tompkins County Sheriff, arrested plaintiff after she refused to leave the premises.  By information, plaintiff was charged with disorderly conduct pursuant to Penal Law § 240.20 (3).  However, that charge was dismissed.  Plaintiff subsequently commenced this action pursuant to 42 USC § 1983, seeking damages as a result of the allegations that defendant, among other

things, made an unlawful arrest in violation of the 4th Amendment, used excessive force in violation of the 4th Amendment and arrested plaintiff in retaliation for her use of protected speech in violation of the 1st Amendment. Defendant thereafter moved for summary judgment dismissing the complaint. Supreme Court denied defendant's motion as to plaintiff's cause of action relating to unlawful arrest, but granted defendant's motion as to the remaining causes of action. Plaintiff and defendant cross-appeal.

Beginning with defendant's contentions, we disagree that Supreme Court erred in partially denying the motion for summary judgment as to the cause of action based on false arrest. Based upon the record before us, we find that defendant failed to meet his burden of establishing, as a matter of law, that he had arguable probable cause to arrest plaintiff for either criminal trespass or disorderly conduct.

An arresting officer is immune from a suit for damages if he or she had arguable probable cause to arrest a plaintiff (see Escalera v Lumn, 361 F3d 737, 743 [2d Cir 2004]). This is so even if probable cause exists with respect to an offense other than the one actually invoked at the time of arrest (see Devenpeck v Alford, 543 US 146, 153 [2004]). Pursuant to this test, "an officer sued under the Fourth Amendment for false arrest is 'entitled to immunity if a reasonable officer could have believed that probable cause existed'" (Zellner v Summerlin, 494 F3d 344, 370 [2d Cir 2007] [emphasis omitted], quoting Hunter v Bryant, 502 US 224, 228 [1991]). As is relevant here, Penal Law § 140.05 states that "[a] person is guilty of trespass when he [or she] knowingly enters or remains unlawfully in or upon premises." Regardless of intent, "[a] person who . . . enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he [or she] defies a lawful order not to enter or remain, personally communicated to him [or her] by the owner of such premises or other authorized person" (Penal Law § 140.00 [5]; accord People v Brown, 25 NY2d 374, 376 [1969]).

The undisputed proof in the record demonstrates that, on the day in question, plaintiff was lawfully at the airport to

pick up her teenaged daughter who was scheduled to arrive on an incoming flight. When the daughter did not depart the plane as expected, however, plaintiff approached Jody Achilles, a US Airways customer service representative, for assistance. Achilles informed plaintiff that her daughter's flight had made an unexpected stop causing the daughter to miss her connecting flight, and Achilles advised plaintiff that her daughter would likely be on the next arrival from that airport. Other than to supply her with a telephone number, neither Achilles nor Melissa Abbott, another customer service representative, were able to further assist plaintiff, who admittedly became agitated and upset. Defendant thereafter appeared on the scene and, at a subsequent point, demanded that plaintiff leave the airport. When she refused to leave, defendant placed plaintiff under arrest. The facts, otherwise, remain largely in dispute.

In assessing whether defendant met his initial burden of establishing that he had arguable probable cause to arrest plaintiff for trespass, proof of defendant's authority to issue the blanket order directing plaintiff to leave the public facility must be examined. This is so because the "right to exclude 'has traditionally been considered one of the most treasured strands in an owner's bundle of property rights'" (Seawall Assoc. v City of New York, 74 NY2d 92, 103 [1989], certs denied 493 US 976 [1989], quoting Loretto v Teleprompter Manhattan CATV Corp., 458 US 419, 435 [1982]) and, unless otherwise authorized, police do not have the inherent and general rights of a property owner (see e.g. US Const 4th Amend). The record demonstrates that, on the day in question, defendant was a county employee working in the county airport, a public facility. In support of his motion, defendant provided no proof that he was either prescribed by law or directed by the Tompkins County legislature to exercise any authority to lawfully order a citizen to leave this public property (see County Law § 650; see generally People v Brown, 25 NY2d at 376). Nor did defendant's proffer demonstrate that he was asked to remove plaintiff from the airport property by someone with the authority to do so (compare Matter of Max X., 278 AD2d 774, 775 [2000]). Therefore, defendant did not establish as a matter of law that he had arguable probable cause to arrest plaintiff for criminal trespass because issues of fact exist as to whether, at the time of

arrest, it was reasonable for defendant to believe that plaintiff was disobeying a lawful order (see Penal Law § 140.00 [5]).

Defendant's alternative argument that he was entitled to summary judgment on this cause of action because he had arguable probable cause to arrest plaintiff for disorderly conduct likewise fails. A person is guilty of disorderly conduct when he or she "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof" either "makes unreasonable noise" (Penal Law § 240.20 [2]) or "uses abusive or obscene language, or makes an obscene gesture" in a public space (Penal Law § 240.20 [3]). According to the proof submitted by defendant in support of his motion, although Achilles explained to plaintiff that she did not know why the plane had to stop or why it was late, plaintiff began to repeatedly and aggressively demand that Achilles tell her where her daughter was and why the plane was diverted. Achilles explained that she gave plaintiff a 1-800 telephone number to call for further inquiries and told her that, beyond the information already provided, the number was the only recourse. Abbott likewise stated that plaintiff was behaving irrationally and was berating her loudly and accusing her of withholding information when she was unable to answer plaintiff's questions to her satisfaction. At that point, defendant arrived at the scene and Abbott explained the situation to him. Achilles described that, when defendant attempted to hand the piece of paper with the telephone number to plaintiff, plaintiff threw it on the ground. Abbott further explained that defendant informed plaintiff that she needed to cease her disruptive behavior or defendant would have to escort her from the building. When plaintiff refused to leave the airport, defendant proceeded to arrest her.

Bryan Grider, who was also present on the day in question, described the events in a manner largely consistent with Abbott's description while adding that plaintiff was acting in a threatening manner toward defendant. Likewise, according to defendant, after receiving a request for assistance, he proceeded to the customer service counter and observed plaintiff acting in an aggressive, loud, confrontational and abusive manner toward Abbott and Achilles. After advising plaintiff that, if she did not calm down, he would have to escort her from the building, she

neither calmed down nor willingly left the airport with him and so defendant placed her under arrest.

These accounts differ dramatically from plaintiff's version of events as she contends that there was no probable cause for her arrest for any crime. According to plaintiff, after receiving limited assistance and a telephone number from Achilles, she approached Abbott in the hopes of speaking to an actual person in an effort to locate her daughter. When Abbott refused to provide additional help other than to again refer her to the 1-800 number, plaintiff requested that Abbott direct her to another airline employee expecting that, if Achilles and Abbott were unable to assist her, they should at least let her speak, in person, to someone who could. While remaining at the counter and continuing to ask for help, plaintiff testified that she did not raise her voice or use profanities. Plaintiff also explained that she was the only person in line for customer service, although other passengers were present in the general area and/or passing through the vicinity.

Upon defendant's arrival at the customer service counter, plaintiff declined his offer to help saying that what she needed instead was assistance from the airline. Defendant then demanded that she leave the airport. After she refused to leave without knowing the whereabouts of her daughter, defendant then walked around the customer service counter, grabbed plaintiff's right arm, twisted it behind her back, put a handcuff on her and pinned her against a planter while attempting to gain control over her left arm. Plaintiff explained that, because of the way her body was positioned against the planter with defendant's weight behind her, she was unable to immediately free her left arm. After arresting her, defendant then marched plaintiff to his police car and brought her to the Sheriff's Department, where she was detained for approximately three hours.

Thus, the record before us demonstrates that material issues of fact also persist as to whether or not defendant had arguable probable cause to arrest plaintiff for disorderly conduct. We therefore agree with Supreme Court that defendant failed to adequately demonstrate his prima facie entitlement to summary judgment with respect to plaintiff's claim for unlawful

arrest (see Penal Law § 240.20 [2], [3]).

We do, however, find that Supreme Court erred in granting defendant summary judgment on the causes of action based on the allegations of the excessive use of force and retaliation based on the use of protected speech. "To establish that [a] plaintiff's excessive force claim lacks merit, [a] defendant[] must demonstrate that [he or she] used objectively reasonable force when taking [the] plaintiff into custody" (Higgins v City of Oneonta, 208 AD2d 1067, 1070 [1994], lv denied 85 NY2d 803 [1995]). Turning to the record, defendant averred that he attempted to arrest defendant, but that she fought and resisted making him unable to handcuff her until he received the assistance of another person. Both Abbott, Grider and another employee gave sworn statements that plaintiff physically resisted defendant's attempt to place her in handcuffs. In his police report, defendant specifically described that, when he attempted to place plaintiff in handcuffs, she continued to fight and resist and that he placed her up against a planter next to the ticket counter, resulting in her left arm being tucked under her against the planter.

Conversely, however, we find that plaintiff's submissions raise an issue of fact as to the reasonableness of the force used. Specifically, plaintiff denies resisting defendant's attempts to arrest her and testified that she did not attempt to physically pull away from defendant. Notably, plaintiff submitted medical evidence that indicated that, as a result of defendant's actions in placing plaintiff under arrest, she suffered, among other things, a sprained wrist and a neck injury. In our view, the evidence that plaintiff was injured as a result of the manner of arrest, as well as plaintiff's testimony that she did not resist defendant's arrest, raise a material issue of fact as to the reasonableness of defendant's use of force. Accordingly, Supreme Court erred in granting summary judgment dismissing the cause of action based on the allegation of excessive use of force.

Lastly, inasmuch as plaintiff alleged that defendant arrested her in retaliation for her use of constitutionally protected speech, which is a violation of the 1st Amendment (see

generally <u>City of Houston v Hill</u>, 482 US 451, 461 [1987]), defendant was required to establish that plaintiff's speech was not constitutionally protected, that there was no adverse consequence for plaintiff, or that there was no causal connection between any protected speech and any adverse consequence to plaintiff in order to be entitled to summary judgment (see <u>Posr v Court Officer Shield No. 207</u>, 180 F3d 409, 418 [2d Cir 1999]; <u>Kline v Town of Guilderland</u>, 289 AD2d 741, 742-743 [2001]).

We determine that summary judgment was inappropriate with respect to this cause of action for a variety of reasons. First, defendant conceded that he arrested plaintiff, establishing an adverse consequence. Further, as defendant failed to establish arguable probable cause that the content or manner in which plaintiff was speaking was or could be criminal or that it was otherwise properly prohibited in accordance with the 1st Amendment, he did not establish that any speech by plaintiff was unprotected. Finally, defendant failed to establish that there was no issue of fact as to whether he arrested plaintiff as a result of her speech. Notably, defendant accused plaintiff of disorderly conduct, describing plaintiff as loud and boisterous and stating that plaintiff caused annoyance and alarm while also stating that she refused to answer any questions. When viewing the record in the light most favorable to plaintiff, as we must, and considering that there are issues of fact as to whether any such expression or speech could be criminalized or was instead protected speech, defendant's proof in support of his motion fails to exclude, as a matter of law, the possibility that he arrested plaintiff because of her use of protected speech. Accordingly, defendant failed to meet his prima facie burden and Supreme Court erred in granting defendant's motion dismissing this cause of action.

Lahtinen, J.P., Stein, McCarthy and Rose, JJ., concur.

    ORDERED that the order is modified, on the law, without
costs, by reversing so much thereof as granted defendant's motion
for summary judgment dismissing the causes of action related to
excessive use of force and retaliation against protected speech;
motion denied to that extent; and, as so modified, affirmed.


                    ENTER:


                    Robert D. Mayberger
                    Clerk of the Court