People v Taylor (2023 NY Slip Op 01848)

People v Taylor

2023 NY Slip Op 01848

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Renwick, A.P.J., Kapnick, Friedman, Moulton, Kennedy, JJ. 

Ind. No. 4887/15, 2682/16 Appeal No. 17653-17653A Case No. 2018-2107 

[*1]The People of the State of New York, Respondent,
v
Clifford Taylor, Defendant-Appellant.

Mark W. Zeno, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.

Judgments, Supreme Court, New York County (Ronald A. Zweibel, J. at consolidation motion; Gilbert C. Hong, J. at jury trial and sentencing), rendered August 31, 2017, convicting defendant of burglary in the third degree (seven counts), and sentencing him, as a second felony offender, to an aggregate term of 10 to 20 years, unanimously modified, on the facts, to the extent of vacating the conviction on the second count of the indictment, dismissing that count and remanding for resentencing on the remaining six counts, and otherwise affirmed.
The verdict convicting defendant of a burglary of a doctor's office that occurred in July 2015 was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant was connected to this burglary solely through the presence of his DNA on an opened soda can in the reception area. The office manager's testimony failed to address whether there was any innocent explanation for the presence of defendant, or of the soda can, at that location.
However, we reject defendant's challenges to the evidence supporting his convictions of three other burglaries. Moreover, we find that those convictions were supported by overwhelming evidence. In each instance, the presence of defendant's DNA on an object near the crime scene was combined with other evidence giving rise to strong circumstantial inferences of defendant's guilt. Furthermore, defendant repeatedly used the same distinctive modus operandi (see People v Black, 110 AD3d 569 [1st Dept 2013], lv denied 23 NY3d 1059 [2014]). The circumstances negated any reasonable explanation for the presence of defendant's DNA other than his commission of these burglaries (see People v Mendez, 89 AD3d 496 [1st Dept 2011], lv denied 18 NY3d 996 [2012]).
A DNA analyst's testimony and related documentary evidence did not violate defendant's right of confrontation. "The analyst's testimony demonstrated her own 'independent analysis of the raw data' to make the comparison, and the analysis was not merely 'a conduit for the conclusions of others'" (People v Lawrence, 198 AD3d 493, 494 [1st Dept 2021], lv denied 37 NY3d 1147 [2021], quoting People v John, 27 NY3d 294, 315 [2016]). Even if the analyst did not use the exact words "raw data" or precisely specify every step of her analysis, she testified that she reviewed all the steps of the four-step process of DNA testing before reaching her own conclusions.
The court properly granted the People's motion to consolidate two indictments alleging a total of seven separate burglaries, and we find no undue prejudice. The court properly granted consolidation on the ground of overlapping evidence (see CPL 200.20[2][b]) because "[t]he similarities in the crimes were such that the evidence of each was admissible as to the others" (People v McCarthy, 51 AD3d 587, 587 [1st Dept 2008]). The burglaries set forth in the two indictments shared enough distinctive aspects to establish a pattern that was probative of defendant's [*2]identity, and "[i]t is not necessary that the pattern be ritualistic for it to be considered unique; it is sufficient that it be a pattern which is distinctive" (People v Beam, 57 NY2d 241, 253 [1982]). The court also providently granted consolidation on the ground that the charges were similar in law (see CPL 200.20[2][c]; People v Ford, 11 NY3d 875, 879 [2008]).
Because we are remanding for resentencing, we do not reach defendant's excessive sentence claim.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023