OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law *383 and accusatory instrument dismissed.
The accusatory instrument charging defendant with violating section 345-16 of the Massapequa Park Code is jurisdiction-ally defective since every element of the offense charged is not supported by nonhearsay allegations of fact that establish, if true, every element of the offense (CPL 100.15, 100.40; People v Alejandro, 70 NY2d 133). The allegations contained in the “information” are merely based upon information and belief of the complainant and upon village records and investigative reports. The allegations are insufficient to satisfy the statutory requirements of a jurisdictionally sufficient information. Even assuming, arguendo, that the instrument is a misdemeanor complaint, it too would be jurisdictionally defective since it fails to provide reasonable cause to believe that defendant committed the offense charged (CPL 100.40 [4] [b]) and it does not contain evidentiary allegations which support or tend to support the charge (CPL 100.15). The mere allegation that defendant permitted two or more family units or separate housekeeping units to be maintained and that he permitted the cellar to be used and occupied as a habitable space for living and sleeping without further factual allegations establishing the basis for the complainant’s conclusion is insufficient to establish reasonable cause to believe defendant committed the offense charged. In addition, it is noted that section 345-16 of the Code does not restrict the use of the cellar.
Ingrassia, J. P., Floyd and Palella, JJ., concur.