[833 NE2d 192, 800 NYS2d 49]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JERRY W. MOORE, Respondent.

Argued April 14, 2005; decided June 7, 2005

**APPEARANCES OF COUNSEL**

*Frank J. Clark, District Attorney*, Buffalo (*J. Michael Marion* of counsel), for appellant.

*Mary P. Walek*, Buffalo, for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the County Court should be affirmed.

As relevant here, defendant was charged with criminal trespass in the third degree (*see* Penal Law § 140.10 [a]). According to the information, defendant entered a public building located on the campus of the State University of New York at Buffalo on September 4, 2002. This conduct allegedly violated a "persona non grata" letter, issued on June 11, 1999 and again on November 28, 2000 by school officials, barring defendant from the campus. The supporting deposition describes a verbal exchange with a university employee. City Court granted defendant's motion to dismiss the information as jurisdictionally defective because it did not set forth every element of criminal trespass in the third degree, and County Court affirmed. A Judge of this Court granted leave to appeal and we now affirm.*

The Penal Law provides that "[a] person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in a building or upon real property (a) which is fenced or otherwise enclosed in a manner designed to exclude intruders" (Penal Law § 140.10 [a]). Although previous versions of the statute contained nearly identical language, the "fenced or otherwise enclosed" requirement was not contained in a separate subdivision until the statute was amended in 1987 (L 1987, ch 192). Prior to the amendment, the statute had apparently been interpreted so that knowingly entering or remaining unlawfully in any building—fenced or unfenced—constituted criminal trespass in the third degree, as did knowingly entering or remaining unlawfully upon real property which was fenced or otherwise enclosed in a manner to exclude intruders. Under the prior statute, "the building was not required to be fenced or otherwise enclosed" (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 140, at 13). The plain language of the statute as amended, however, clearly requires that both buildings and real property be fenced or otherwise enclosed in order to increase the level of culpability from trespass (*see* Penal Law § 140.05) to criminal trespass

---

* As we hold that the information is defective for failure to specify every element of the crime of criminal trespass in the third degree, we need not determine whether the "persona non grata" letter is a lawful order within the meaning of Penal Law § 140.00 (5).

in the third degree. The 1987 amendment thus narrowed the definition of criminal trespass in the third degree to require one of several enumerated conditions to be present.

This reading is consistent with the general scheme of article 140 of the Penal Law. Starting with the violation of trespass (*see* Penal Law § 140.05), the crimes become progressively more serious as they approach criminal trespass in the first degree (*see* Penal Law § 140.17). Since the violation of trespass requires only that a person "knowingly enters or remains unlawfully in or upon premises" (Penal Law § 140.05), which includes buildings (*see* Penal Law § 140.00 [1]), section 140.10 (a) is properly interpreted as requiring the additional aggravating element that the building or area entered be fenced or otherwise enclosed in order to exclude intruders to elevate the crime from a violation to a class B misdemeanor.

The remaining subdivisions of section 140.10 also support this interpretation of the statute. If knowingly entering or remaining unlawfully in any building were sufficient to establish third-degree criminal trespass, it would be unnecessary to include the further enumerated aggravating elements for trespass in particular buildings, such as elementary and secondary schools or public housing projects (*see* Penal Law § 140.10 [b]-[f]), and both trespass and third-degree criminal trespass would be committed by the identical conduct of knowingly entering or remaining unlawfully in an unfenced or unenclosed building.

"[A]n information which fails to contain nonhearsay allegations establishing 'if true, every element of the offense charged and the defendant's commission thereof' . . . is fatally defective" (*People v Alejandro*, 70 NY2d 133, 136 [1987] [internal citation omitted]). Since the information and supporting deposition here fail to allege facts establishing that the campus building defendant entered into was in any way "fenced or otherwise enclosed in a manner designed to exclude intruders" (Penal Law § 140.10 [a])—a required element of the crime—it was insufficient to establish criminal trespass in the third degree (*see* CPL 100.15 [3]; 100.40 [1] [c]). Thus, the information was properly dismissed as facially insufficient.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed in a memorandum.