OPINION OF THE COURT
Memorandum.
Appeal from order dismissed.
Judgment of conviction reversed on the law and accusatory-instrument dismissed.
The appeal from the order denying defendant’s motion for pretrial disclosure must be dismissed, as the appeal is not authorized by the Criminal Procedure Law (see CPL 450.10, 450.15).
In order to be facially sufficient, the accusatory instrument must set forth factual allegations providing reasonable cause to believe that defendant committed the offense charged (see CPL 100.40 [1] [b]; [4] [b]). Defendant was charged with criminal trespass in the third degree in violation of Penal Law § 140.10 (g). This subdivision provides:
“A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully . . . upon real property . . . “(g) where the property consists of a right-of-way or yard of a railroad or rapid transit railroad which has been designated and conspicuously posted as a no-trespass railroad zone, pursuant to section eighty-three-b of the railroad law, by the city or county in which such property is located” (emphasis added).
Railroad Law § 83-b (1) provides:
“Any city with a population of one million or more and the counties of Monroe, Nassau, and Suffolk are authorized and empowered to adopt or amend a local law or ordinance designating any portion or portions of property consisting of a right-of-way or yard of a railroad or rapid transit railroad as a no-trespass railroad zone and providing for the conspicuous posting thereof for purposes of establishing criminal liability for trespass upon such property *75 pursuant to subdivision (g) of section 140.10 of the penal law” (emphasis added).
The accusatory instrument is facially insufficient because it contains no factual allegation to the effect that the rail bed upon which defendant is alleged to have trespassed had been “designated and conspicuously posted as a no-trespass railroad zone ... by the city or county in which [the rail bed was] located” (Penal Law § 140.10 [g] [emphasis added]; see generally People v Moore, 5 NY3d 725 [2005]). Moreover, neither Westchester County nor Mount Kisco is authorized by Railroad Law § 83-b (1) to establish, by posting, criminal liability under Penal Law § 140.10 (g) for trespassing. As the accusatory instrument is jurisdictionally defective, it must be dismissed (see People v Moore, 5 NY3d 725 [2005], supra; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986]; People v Hoffman, 180 Misc 2d 382, 383 [App Term, 9th & 10th Jud Dists 1999]).
In view of our disposition of this matter, we do not address any other issues.
Rudolph, PJ., McCabe and Scheinkman, JJ., concur.