This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 141
The People &c.,
            Respondent,
        v.
Thomas Barnes,
            Appellant.




            Laura Boyd, for appellant.
            Sheila O'Shea, for respondent.






MEMORANDUM:

            The order of the Appellate Term should be affirmed.

            On February 15, 2011, Officer Jamar Lamey was patrolling a New York City Housing Authority building when he observed defendant in the lobby beyond the building's vestibule and a posted "No Trespassing" sign.  When asked, defendant stated

- 1 -

that he did not reside at the building, nor was he was able to identify any resident who had invited him.  Having determined that defendant was neither a tenant nor an invited guest, the officer arrested him for trespassing.

Defendant was charged, by information, with one count of criminal trespass in the second degree (Penal Law § 140.15[1]), a class A misdemeanor, and one count of criminal trespass in the third degree (Penal Law § 140.10[e]), a class B misdemeanor.  He pleaded guilty to the second-degree charge and was sentenced to time served.

Defendant appealed, arguing that the misdemeanor information was jurisdictionally defective for two reasons.  First, he asserted that he could not be charged with second-degree criminal trespass for being in the common area of a public housing authority building because such areas are open to the public.  Second, he argued that even if he could be charged with second-degree criminal trespass, the misdemeanor information insufficiently alleged that his presence in the lobby of the building was unlawful.

The Appellate Term rejected defendant's contentions and affirmed (40 Misc 3d 133[A] [App Term 1st Dept 2013]).  A Judge of this Court granted defendant leave to appeal (23 NY3d 1034 [2014]), and we now affirm.

The legislature has established three degrees of non-felonious criminal trespass, with each "becom[ing] progressively

more serious as they approach criminal trespass in the first degree" (People v Moore, 5 NY3d 725, 727 [2005]).

A person is guilty of simple trespass, a violation, when he or she "knowingly enters or remains unlawfully in or upon premises" (Penal Law § 140.05).

Criminal trespass in the third degree, a class B misdemeanor, is established when a person "knowingly enters or remains unlawfully in a building or upon real property" and one of seven aggravating factors is present.  As relevant here, one such aggravating factor elevating simple trespass to criminal trespass in the third degree is "where the building is used as a public housing project in violation of conspicuously posted rules governing entry and use thereof" (Penal Law § 140.10[e]).

Criminal trespass in the second degree, a class A misdemeanor, is committed when a person "knowingly enters or remains unlawfully in a dwelling" (Penal Law § 140.15[1]).  A "dwelling" is defined as "a building which is usually occupied by a person lodging therein at night" (Penal Law § 140.00[3]).

For all degrees of criminal trespass, "[a] person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so" (Penal Law § 140.00[5]).  Where the premises are open to the public, however, a person has license or privilege to enter "unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or other authorized person" (id.).

At the outset, defendant does not dispute that an apartment building in a public housing project constitutes a "dwelling."  Rather, this appeal turns on the phrase "enters or remains unlawfully."  Defendant argues that a person cannot be prosecuted under the second-degree criminal trespass statute for entering the common areas of a public housing authority building because those areas are open to the public.  And "[w]hen [a] property is 'open to the public' at the time of the alleged trespass . . . the accused is presumed to have a license and privilege to be present" (People v Leonard, 62 NY2d 404, 408 [1984] [holding that the defendant could not be banished from a SUNY campus, a publicly-owned and maintained property, absent proof of a lawful order excluding him from the premises]).

Contrary to defendant's argument, the word "public" in the phrase "public housing" refers to ownership, not access.  It is not the case that all property owned by the government is "open to the public."  Certain areas of publicly-owned buildings may be restricted from public use by a locked door or a front desk, much like the common areas of privately-owned buildings (see People v Rodriguez, 159 AD2d 201, 202-203 [1st Dept 1990], lv denied 76 NY2d 742).  The presence of a "No Trespassing" sign may also indicate that the common area of a publicly-owned building is not open to the public.  Accordingly, we agree with the Appellate Term that it is possible for a person to enter or remain in a publicly-owned dwelling without license or privilege

to do so.

In light of the statute's plain language, we decline defendant's invitation to consult the legislative history of a different statute -- third-degree criminal trespass.  We resort to legislative history "only where the language is ambiguous or where a literal construction would lead to absurd or unreasonable consequences" (Matter of Auerbach v Bd. of Educ. of City Sch. Dist. of City of NY, 86 NY2d 198, 204 [1995]).  There is no ambiguity in the language of Penal Law § 140.15(1), and defendant has not suggested that our interpretation would lead to an absurd or unreasonable result.

In the alternative, defendant contends that even if the second-degree criminal trespass statute applies, the misdemeanor information charging him with that offense was facially insufficient because it failed to establish that defendant lacked license or privilege to be in the lobby of this particular building.

To be facially sufficient, a misdemeanor information must contain "facts of an evidentiary character" that provide "reasonable cause" to believe the defendant committed the crime charged (CPL 100.15[3]; 100.40[1][b]) and "'non-hearsay allegations' which, if true, establish every element of the offense charged and the defendant's commission thereof" (People v Kalin, 12 NY3d 225, 228-229 [2009], quoting CPL 100.40[1][c]).

The misdemeanor information charging defendant with

criminal trespass in the second degree sufficiently alleged that he knowingly entered and remained unlawfully in a dwelling. It stated that Officer Lamey observed defendant in the lobby of an apartment building, beyond the vestibule and a posted "No Trespassing" sign. Moreover, defendant admitted he did not reside at the building and could not identify a resident who had invited him onto the premises. These allegations establish every element of second-degree criminal trespass and provide reasonable cause to believe defendant committed that offense.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order affirmed, in a memorandum. Chief Judge Lippman and Judges Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided October 20, 2015