OPINION OF THE COURT
Michael Gerstein, J.
The seminal issue in these cases[1] is whether a trespass notice, issued by the New York City Housing Authority (NYCHA), qualifies as a business record exception to the *757 hearsay rule, so as to be sufficient to convert criminal court complaints to misdemeanor informations.
Defendant has been charged in five dockets, for incidents occurring over the span of three months, with criminal trespass in the second degree (Penal Law § 140.15), criminal trespass in the third degree (Penal Law § 140.10 [e]) and trespass (Penal Law § 140.05). All of the buildings in which defendant is alleged to have trespassed are NYCHA buildings.
Defendant now moves for an order:
1. Dismissing the accusatory instrument for docket No. 2015KN035078 as facially insufficient pursuant to CPL 100.40, 170.30 (1) (a) and 170.35 (1) (b).
2. Finding that the accusatory instruments for docket Nos. 2015KN035410, 2015KN043968, 2015KN057769 and 2015KN057073 are facially insufficient pursuant to CPL 100.15 and 100.40 and the People have not set forth a prima facie case. The People maintain that the complaints in each of the above dockets make out a prima facie case by establishing each and every element of the crimes charged and are therefore facially sufficient.
The Trespass Notice Constitutes Hearsay
Four of the dockets are based on defendant’s alleged violation of a written “Trespass Notice” in which he was barred from all NYCHA property, which notice was allegedly served upon him by Police Officer Joshua Konen on June 4, 2014, prior to all dates specified in the respective complaints herein. Defense counsel argues that these four accusatory instruments fail to set forth a prima facie case without a supporting affidavit from Police Officer Konen swearing that he arrested defendant for a felony sale of a controlled substance or marijuana on June 4, 2014, the purported basis of the notice, and further swearing that he served the notice upon defendant.
The People served and filed a statement of readiness in this matter on June 11, 2015, along with a document titled “TRESPASS NOTICE,” which advises, “YOU MAY BE ARRESTED AND PROSECUTED FOR TRESPASS IF YOU ARE FOUND ON NYCHA PROPERTY IN VIOLATION OF THIS NOTICE.” The notice indicates that defendant “was arrested on 06/04/14 for felony Sale of a Controlled Substance and/or Marihuana at Rear of 2780 East 86 Street, Brooklyn, on or immediately adjacent to the grounds of, or in a building owned *758 by, NYCHA located in Marlboro.”[2] The document further provides, in relevant part: “YOU ARE HEREBY NOTIFIED THAT YOU DO NOT HAVE PERMISSION OR AUTHORITY TO ENTER, OCCUPY, VISIT UPON, OR USE IN ANY MANNER, THE GROUNDS OR BUILDINGS OF ANY NYCHA PROPERTY IN THE CITY OF NEW YORK, EVEN IF YOU ARE INVITED TO DO SO.” At the bottom of the notice, there is a line indicating that the notice was served on June 4, 2014 in Brooklyn by Police Officer Joshua Konen. While no signature of Officer Konen appears on the copy filed with the court, the following line indicates “Signature on File.”
Defense counsel argues that the trespass notice in and of itself is not sufficient to sustain the charges against defendant, in that the trespass notice constitutes uncorroborated hearsay since the People have not provided a supporting affidavit from the officer who served the trespass notice or a certified copy of the trespass notice. (Defendant’s mem at 19.) Defense counsel further contends that certifying the business record “does not overcome the fact that the notice remains hearsay unless legal proof of service of the notice is provided.” (Defendant’s mem at 19.)
Neither the People nor defendant have cited any case which has ruled whether such a trespass notice is sufficient to convert a complaint. Nor has the court’s independent research found any cases as to whether the trespass notice is sufficient for admission as a business record.
The complaint in docket No. 2015KN035410, signed by Officer Cesar Reyes, alleges, in relevant part:
“[Officer Reyes] is informed by the records of the New York City Police Department, made and maintained in the regular course of business, that prior to the above-listed date, the defendant had been advised in person and in writing by a New York City Police Officer that the defendant was not permitted on NYCHA Property for any reason and that any such presence would constitute trespass.”
Hearsay, of course, is defined as an out of court statement offered to prove the truth of what it asserts. (Jerome Prince, Richardson on Evidence § 8-101 [Farrell 11th ed 1995].) Here, the People properly concede that the trespass notice constitutes hearsay, but contend that it may nonetheless be admissible *759 under the business record exception, which encompasses records made in the ordinary course of business, when it is the ordinary course of the recorder to make such records. (Prince, Richardson on Evidence §§ 8-301, 8-303.)
The Trespass Notice Qualifies as a Business Record Exception to Hearsay
For the reasons set forth below, we hold that the notice qualifies as a business record exception to hearsay and is therefore sufficient to convert the dockets at issue to informations. In People v Tisdale (18 Misc 3d 1125[A], 2008 NY Slip Op 50201[U], *4 [Crim Ct, Kings County 2008]), cited by defense counsel, we held that the business record exception to the hearsay rule pursuant to CPLR 4518 allows that “[a]ny writing or record . . . made as a memorandum or record of any . . . event, shall be admissible in evidence in proof of that. . . event, if the judge finds that it was made in the regular course of any business.” The foundation requirements of CPLR 4518 require: (1) that the record be made in the regular course of business, (2) that it be the regular course of business to make such a record, and (3) that the record be made at or about the time of the event being recorded. (See People v Kennedy, 68 NY2d 569, 579-580 [1986].)
Here, the trespass notice appears to meet all three criteria to be deemed a business record,[3] and reading the complaints in conjunction with the trespass notice, we hold the arresting officer’s statement regarding his knowledge of the trespass notice sufficient to allege that defendant was unwelcome on NYCHA property.
Contrary to defense counsel’s argument (defendant’s aff ¶ 44), the NYPD and its officers are in fact custodians of trespass notices. As the People contend, the New York Police Department is the lawful custodian of NYCHA apartment buildings, and its duties include keeping the buildings free of trespassers, citing People v Williams (16 AD3d 151 [1st Dept 2005], lv denied 5 NY3d 771 [2005]) and People v Johnson (109 AD3d 449 [1st Dept 2013]).
In 2005, the NYCHA instituted the trespass notice policy in an effort to combat high rates of drug activity in public hous *760 ing.[4] NYCHA’s trespass notice policy bans from public housing any person who is arrested for a felony drug crime on or near NYCHA property, mandating that if an excluded arrestee is present on NYCHA property following his arrest, he will be automatically arrested again for criminal trespass regardless of the reason for his visit. (Id.)
It is well settled by the Court of Appeals that law enforcement agencies constitute “businesses” for purposes of the rule. (See e.g. People v Rawlins, 10 NY3d 136, 149 [2008], citing People v Guidice, 83 NY2d 630, 635 [1994].) Moreover, the “Trespass Policy for Felony Drug Arrests,” issued by the NYCHA, lays out the procedures and guidelines for this “business,” thus establishing “that the record be made pursuant to established procedure for the routine, habitual, systematic making of such a record.” (Kennedy at 579-580.) A section titled “HI. EXCLUSION OF A FELONY DRUG ARRESTEE” of the policy provides:
“A. Following the arrest of a person over the age of sixteen (16) for a Felony Drug Offense on or after the effective date of this Policy, an authorized person will personally issue a Trespass notice to such arrested person. Arresting officers (including, without limitation, New York City police and peace officers), NYCHA employees, and any other person authorized by NYCHA, are authorized to issue Trespass Notices on behalf of the NYCHA.
“B. After the issuance of a Trespass Notice to a person pursuant to Section III A., such person shall be immediately excluded from NYCHA Property as a Felony Drug Arrestee in accordance with this Policy. The Felony Drug Arrestee shall thereafter be subject to arrest for trespass for entering upon NYCHA Property in any manner.”
Unlike People v Pierre (157 Misc 2d 812 [Crim Ct, NY County 1993]), where the allegation that the arresting officer found that defendant’s license was suspended based upon a computer search was held to be hearsay, and required the filing of a Department of Motor Vehicles abstract, we hold that the trespass notice meets the criteria for the business record *761 exception. (See Prince, Richardson on Evidence §§ 8-303, 8-304.)[5] Moreover, CPLR 4518 specifically allows electronic records into evidence if they otherwise qualify as a business record. Thus, the absence of a signature on the copy of the notice served herein, which merely states “Signature on File,” is not an impediment to its admission under the business record exception to hearsay. For pleading purposes, we assume, based on the presumption of regularity, that such procedures were followed. If defendant wishes to argue to the contrary, he may certainly do so at trial.
This court recognizes that a prima facie case requirement is not the same as the burden of proof, beyond a reasonable doubt, required at trial. (People v Henderson, 92 NY2d 677, 680 [1999].) In reviewing an accusatory instrument for facial insufficiency, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, [it] should be given a fair and not overly restrictive or technical reading.” (People v Casey, 95 NY2d 354, 360 [2000].) Moreover, the Court of Appeals, in People v Allen (92 NY2d 378, 385 [1998]), held that at the pleading stage, all that is required are factual allegations that are sufficiently evidentiary in character and which tend to support the charges. In assessing the facial sufficiency of an accusatory instrument, the court must view the facts in the light most favorable to the People. However, the court is not required to abandon common sense or the significance of the alleged conduct. (See People v Gibble, 2 Misc 3d 510, 512 [Crim Ct, NY County 2003].)
The complaints in docket Nos. 2015KN035410, 2015KN043968, 2015KN057769, and 2015KN057073 each allege that a trespass notice was served on defendant on June 4, 2014, and that defendant was in violation of that notice at the times and places specified in the respective complaints. Therefore, finding the notice admissible as a business record exception to the hearsay rule, no further allegations are required for pleading purposes to establish defendant’s knowledge that he was not welcome in the premises.
Given the circumstances of this case, the factual allegations of the complaints give defendant “notice sufficient to prepare a *762 defense” and are “adequately detailed to prevent a defendant from being tried twice for the same offense.” (Casey at 360.) Accordingly, we hold the complaints in docket Nos. 2015KN035410, 2015KN043968, 2015KN057769, and 2015KN057073 each establish a prima facie case of criminal trespass in the second and third degrees and trespass.
Docket No. 2015KN035078 is Facially Insufficient
Unlike the above four cases, the complaint in docket No. 2015KN035078 does not rely on the trespass notice, but instead asserts merely that defendant, not being a resident of the specified premises, was unable to provide a legitimate reason for his presence and lacked permission or authority to be there.
Penal Law § 140.15 (1), criminal trespass in the second degree, requires that a person “knowingly enters or remains unlawfully in a dwelling.” Penal Law § 140.10 (e) requires that a person “knowingly enters or remains unlawfully in a building or upon real property . . . where the building is used as a public housing project in violation of conspicuously posted rules or regulations governing entry or the use thereof.” Penal Law § 140.05 requires that a person “knowingly enters or remains unlawfully in or upon premises.”
For all degrees of criminal trespass, “a person ‘enters or remains unlawfully’ in or upon premises when he is not licensed to do so.” (Penal Law § 140.00 [5].) However, it is well settled that where premises are open to the public, a person has license or privilege to enter “unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or other authorized person.” (People v Barnes, 26 NY3d 986, 989 [2015]).
Just recently, the Court of Appeals held:
“Contrary to defendant’s argument, the word ‘public’ in the phrase ‘public housing’ refers to ownership, not access. It is not the case that all property owned by the government is ‘open to the public.’ Certain areas of publicly-owned buildings may be restricted from public use by a locked door or a front desk, much like the common areas of privately-owned buildings (see People v Rodriguez, 159 AD2d 201, 202-203 [1st Dept 1990], lv denied 76 NY2d 742 [1990]). The presence of a ‘No Trespassing’ sign may also indicate that the common area of a publicly-owned building is not open to the *763 public. Accordingly, we agree with the Appellate Term that it is possible for a person to enter or remain in a publicly-owned dwelling without license or privilege to do so.” (People v Barnes, 26 NY3d 986, 989 [2015].)
However, in order to support any of these charges, the People must provide sufficient nonhearsay allegations supporting that defendant was knowingly present where he was not welcome. (People v Outlar, 177 Misc 2d 620 [Crim Ct, NY County 1998] [information failed to allege facts from which the court could infer that defendant’s unlawful presence was communicated to him or that he otherwise knew his presence was unlawful].) In People v Barnes, the defendant was alleged to have been beyond the building’s vestibule and a posted “No Trespassing” sign, which the Court of Appeals held sufficient facts from which to allege defendant’s knowing unlawful presence.
The information in docket No. 2015KN035078 alleges that the incident occurred on or about May 31, 2015, at approximately 12:00 p.m., at 2292 West 8th Street, in the County of Kings, State of New York. The accusatory instrument signed by Police Officer Vincent Lindner states, in relevant part:
“[Police Officer Lindner] observed the defendant in the lobby of the above-mentioned premises, a New York City Housing Authority Building and in violation of the posted rules and regulations governing entry and use of the above premises .... “defendant is not a resident of the above premises and . . . was unable to provide a legitimate reason for defendant’s presence in the above premises .... “as a New York City police officer Police Officer Lindner is custodian of the above building and the defendant did not have permission or authority to . . . enter or remain on the premises.”
Defense counsel argues that although defendant was observed in the lobby of the building and informed the police officer that he was not a resident of the building, it is not alleged that there was a “no trespass sign” posted in the lobby where he was arrested, and that these facts alone do not constitute trespass. (Defendant’s aff ¶ 10.) Moreover, defense counsel argues, the allegation that defendant could not provide a “legitimate reason” for being in the NYCHA lobby is “vague and conclusory and not based on fact and is not of an evidentiary character that can support the charges.” (Defendant’s aff ¶ 10.)
*764 We agree with the first argument, and therefore do not reach the issue of whether defendant’s alleged failure to provide a legitimate reason for his presence is insufficient to support the charges. The complaint here simply alleges that defendant was inside the lobby of the NYCHA building and “in violation of the posted rules and regulations governing entry and use of the above premises.” The complaint does not allege that defendant had gone through a locked door, or beyond a no trespassing sign. Because this information fails to establish that the area was not open to the public, by alleging facts, e.g. the lobby was locked, or that there were conspicuously posted “no trespassing” signs which defendant had passed, there is no indication that defendant had any actual knowledge that his or her presence was prohibited. (See Barnes; see also People v Moore, 5 NY3d 725, 727 [2005].) Therefore, we hold the complaint in docket No. 2015KN035078 insufficient in failing to allege facts from which one could infer defendant was knowingly unwelcome. (See Matter of Daniel B., 2 AD3d 440 [2d Dept 2003]; People v Mackey, 16 Misc 3d 398 [Crim Ct, Kings County 2007]; Outlar.) However, in view of our holding, the People may supersede, if so advised.
Accordingly, defendant’s motion is denied as to docket Nos. 2015KN035410, 2015KN043968, 2015KN057769 and 2015KN057073 and granted solely as to docket No. 2015KN035078. Defendant’s right to make further motions remains as per statute.

. While the cases are not as of yet consolidated, the court will sua sponte consolidate them solely for purposes of this motion, as both sides have submitted a single motion and response encompassing all five cases. The court notes that there is a sixth docket, 2015KN064888, involving defendant which occurred at a later date and is not addressed by either party with regards to this motion practice.

. This refers to the Marlboro Houses in Brooklyn.

. That is, we find that the trespass notice was made in the regular course of NYCHA’s business, that it is the regular course of business for NYCHA to issue such notices, and that the notice was made at such a time to qualify as a business record.

. For a brief background on the policy, see Lauren J. Zimmerman, Exile Without Process: The New York City Housing Authority’s Unconstitutional Trespass Notice Program (33 Cardozo L Rev 1253, 1254-1255 [2012]). The note argues that the trespass policy is unconstitutional, but no court has so held.

. The difference is that the NYPD is not the custodian of Department of Motor Vehicle records, but is the custodian of both NYCHA property and trespass notices.