The People of the State of New 
 York, Respondent, 
against
Brandon Bell, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Lynn R. Kotler, J.), rendered February 28, 2011, convicting him, upon his plea of guilty, of criminal trespass in the second degree (Penal Law § 140.15), and imposing sentence.




Per Curiam.
Judgment of conviction (Lynn R. Kotler, J.), rendered February 28, 2011, affirmed. 
In view of defendant's knowing waiver of his right to be prosecuted by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal trespass in the second degree (see Penal Law § 140.15[1]), the offense to which defendant ultimately pleaded guilty. The accusatory instrument alleged, inter alia, that defendant was observed "inside the lobby of the [apartment building] dwelling beyond the vestibule" and a posted "No Trespassing" sign; that defendant was not a tenant in that he "provided [an] address[ ] different" from the specified building; and that defendant was not "an invited guest in that [he] w[as] unable to provide the identity of the resident" in the building. These allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), were sufficient for pleading purposes to establish that the lobby area was part of the dwelling and that defendant knowingly entered or remained unlawfully therein (see People v Barnes, 26 NY3d 986, 989 [2015]; People v Richardson, 49 Misc 3d 139[A], 2015 NY Slip Op 51579[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1111 [2016]). Defendant's present claim that he was an invited guest of a building resident was a matter he could have raised at trial. "Having pleaded guilty to [trespass] on a jurisdictionally valid accusatory instrument, defendant conceded every element of the offense" (see People v Konieczny, 2 NY3d 569, 577 [2004]), including that he knowingly and unlawfully remained without the requisite license or privilege.
Defendant's present challenge to the knowing, voluntary and intelligent nature of his guilty plea, to the extent preserved for appellate review, is without merit. In response to the court's questioning, defendant personally confirmed that he was pleading guilty of his own free [*2]will; that he was, in fact, guilty of unlawfully entering and remaining at the subject premises; and that he was giving up his right to trial and to have the People prove their case against him beyond a reasonable doubt. The circumstances of the plea were not coercive, defendant's factual allocution did not cast doubt on his guilt, and the court's omission of some of defendant's rights under Boykin v Alabama, 395 U.S. 238 (1969) did not invalidate the plea (see People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Rosa, 135 AD3d 434, 435 [2016], lv denied 27 NY3d 968 [2016]). The record establishes that the plea represented a voluntary and intelligent choice among the alternative courses of action open to the defendant (see People v Smith, 28 NY3d 191, 195-196 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur

Decision Date: February 21, 2017