The People of the State of New York, Respondent,
against
62 Gilbert Street, LLC, Appellant.




William A. Gerard, Esq., for appellant.
Bonacic & McMahon, LLP ( J. Scott Bonacic, Esq.), for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Village of Monroe, Orange County (Lawrence H. Lezak, J.), rendered September 10, 2014. The judgment convicted defendant, after a nonjury trial, of converting a single-family residence to a commercial use.




ORDERED that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
On January 14, 2014, James Cocks, the Assistant Building Inspector and a code enforcement officer of the Village of Monroe, issued a "Notice of Violation" notifying defendant that it had "been found to be in violation of [the] Zoning Code [of the] Village of Monroe [section] 200-59 Conditional Use. The specific violation is: Conditional Use Requirements. Conversion of single family into Commercial," which violation was personally observed by Cocks. The notice further indicated that "[t]he following corrective measures should be taken no later than 1/24/2014 or penalties may be assessed: Conversion of approved single family dwelling unit into commercial consisting of [an] Auto Glass type business and Limo car/taxi business without Planning Board approval as indicated in Schedule I-F Table of Use Requirements GB District Column C # 19 Residential to commercial conversion use group c subject to section 200-59. Please note that taxi/limo is not permitted in this district. All business activity must cease until all approvals have been completed." The notice also indicated that a violation of this provision may subject defendant to, among other things, a fine not to exceed [*2]$250. An identical "Notice of Violation" was issued to defendant on February 18, 2014, indicating that "corrective measures should be taken no later than 2/28/2014 or penalties may be assessed."
A notarized information, dated February 14, 2014 and signed by Cocks, charged defendant, 62 Gilbert Street, LLC, with "a violation of Article XIV [of] section . . . 200-59 of the Code of the Village of Monroe as required by Schedule I-F Table of Use Requirements GB District Column C #19 residential to commercial conversion." The applicable provision, quoted in the information, is as follows:
"§ 200-59 Conditional Uses. On application and after public notice and hearing, the Planning Board may authorize the issuance by the Building Inspector of permits for any of the conditional uses for which this chapter requires such permits, in any district in which such use is proposed to be located. In approving any such use, the Planning Board shall take into consideration the public safety and welfare, the comfort and convenience of the public in general and of the residence [sic] of the immediate neighborhood in particular, and may prescribe such appropriate conditions and safeguards as may be required in order that the result of its action shall, to the maximum extent possible, further the expressed intent of this chapter."
Cocks alleged the following in the factual part of the information:
"Upon personal inspection at 62 Gilbert Street I noticed a white open wooden box located behind the building having auto glass stored inside and auto glass leaning against the rear building. I also noticed 3 Taxi cars parked in the driveway with writing stating Double U car service on the side of the vehicle. On January 13th 2014 I also noticed a van with writing on the sides saying Hudson Valley Auto Glass. The facts upon which this accusation is made are based upon personal knowledge.
Upon information and belief, defendant was and is the owner of the property referenced above in the Village of Monroe, and as such, was responsible for the conditions described above [emphasis added]. The condition constituting the violation is a continuing violation and has been observed on the following dates and times 1/13/2014 10:00 am 1/14/2014 9:30 am 1/27/2014 10:30 am. Defendant has failed to abate or remedy the alleged violation within the prescribed 30 days despite the Notice of Violation(s) Dated: 1/14/2014 Pursuant to the executive law section 382. Copies of all written requests are annexed."
Defendant moved to dismiss the information as facially insufficient, arguing, among other things, that the allegation as to ownership was hearsay. The Justice Court denied the motion.
After a nonjury trial, the Justice Court, on August 29, 2014, found defendant guilty of converting a "single family residence into commercial use by utilizing the premises at 62 Gilbert St., Monroe, New York for an auto glass business and taxi business from January 13, 2014 up to and including March 14, 2014." Defendant was sentenced on September 10, 2014. The court determined that the February 18, 2014 notice of violation, which indicated that "a penalty may be [*3]assessed beginning on" February 28, 2014, "may have obviated the original" January 14, 2014 notice of violation. Thus, the court imposed a fine of $100 per day "for the continuous violation of the Zoning Code of the Village of Monroe § 200-59 from February 28, 2014 up to and including March 14, 2014 for the total sum of $1,500."
In its brief, defendant argues that the information was jurisdictionally defective; that the evidence was not legally sufficient to prove defendant's guilt beyond a reasonable doubt; that the verdict of guilt was against the weight of the evidence; and that the validity of the conviction and sentence was undermined because defendant was deprived of due process of law. The People have not filed a respondent's brief.
To be facially sufficient, an information must contain nonhearsay allegations of fact of an evidentiary character which establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Pampalone, 32 Misc 3d 130[A], 2011 NY Slip Op 51311[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). These requirements are jurisdictional (see People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]), except for the nonhearsay requirement, which here was not waived as defendant raised a hearsay claim by motion (see People v Casey, 95 NY2d at 354; People v North Shore Design, Inc., 50 Misc 3d 132[A], 2015 NY Slip Op 51947[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). The factual allegations of an information should be given a fair and not overly restrictive or technical reading (see People v Casey, 95 NY2d at 360). 
As the information alleged, "upon information and belief," that defendant was the owner of the property, which allegation constitutes hearsay, the information was jurisdictionally defective (see People v Keizer, 100 NY2d 114, 121 [2003]; People v Casey, 95 NY2d at 354; People v Hoffman, 180 Misc 2d 382, 383 [App Term, 2d Dept, 9th & 10th Jud Dists 1999]; cf. People v M. Santulli, LLC, 29 Misc 3d 54, 57 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]).
In light of our determination, we need not reach defendant's other contentions.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
BRANDS, J.P., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 21, 2017