People v Olivo (2022 NY Slip Op 50878(U))

[*1]

People v Olivo (Elvis)

2022 NY Slip Op 50878(U) [76 Misc 3d 130(A)]

Decided on September 19, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 19, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570315/16

The People of the State of New York,
Respondent,
against
Elvis Olivo, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Lyle E. Frank, J.), rendered April 18, 2016, convicting him, upon his plea of
guilty, of criminal trespass in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Lyle E. Frank, J.), rendered April 18, 2016, affirmed. 
In view of defendant's knowing waiver of his right to be prosecuted by information, the
accusatory instrument only had to satisfy the reasonable cause requirement of a misdemeanor
complaint (see People v Dumay, 23
NY3d 518, 522 [2014]). So viewed, the accusatory instrument charging criminal trespass in
the second degree was jurisdictionally valid because it described facts of an evidentiary nature
establishing reasonable cause to believe that defendant "knowingly enter[ed] or remain[ed]
unlawfully in a dwelling" (Penal Law § 140.15[1]). The instrument stated that defendant
was observed "in the lobby ... beyond the vestibule" of a specified "apartment building where
people reside," a location that is beyond a posted "No Trespassing" sign; that defendant told the
police that he did not live at the building and that he was there to "buy dope"; and that defendant
was not "an invited guest in that [he] was unable to provide the identity of a resident of whom he
was an invited guest" (see People v
Barnes, 26 NY3d 986, 989-990 [2015]; People v Richardson, 49 Misc 3d 139[A], 2015 NY Slip Op
51579[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1111 [2016]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: September 19, 2022