People v Louis (2024 NY Slip Op 50379(U))

[*1]

People v Louis (Saline)

2024 NY Slip Op 50379(U)

Decided on April 9, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 9, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

570265/18

 The People of the State of New York, Respondent,
against
Saline Louis, Defendant-Appellant.

Defendant, as limited by her brief, appeals from a judgment of the Criminal Court of the City of New York, New York County (Kate S. Paek, J.), rendered April 23, 2018, convicting her, after a nonjury trial, of criminal trespass in the third degree and trespass, and imposing sentence.

Per Curiam.
Judgment of conviction (Kate S. Paek, J.), rendered April 23, 2018, modified, on the law, to the extent of vacating defendant's conviction of trespass in the third degree and dismissing that count of the accusatory instrument, and otherwise affirmed.
Since the defendant did not waive prosecution by information, the sufficiency of the accusatory instrument must be assessed based on the standard applicable to an information (see People v Hatton, 26 NY3d 364, 368 [2015]). So viewed, the information charging defendant with criminal trespass in the third degree (see Penal Law § 140.10[a]) was facially insufficient, since it failed to allege facts establishing that the property upon which defendant is alleged to have trespassed - the Port Authority Bus Terminal "Ticketed Waiting Area" - was "fenced or otherwise enclosed in a manner designed to exclude intruders" (id.; see People v Moore, 5 NY3d 725, 727 [2005]), a required element of the crime. 
The count of the information charging trespass (see Penal Law § 140.05), a violation, was jurisdictionally valid (see People v Leonard, 62 NY2d 404, 408 [1984]), and is not challenged by defendant. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 9, 2024