People v Rivera
2026 NY Slip Op 04043
June 25, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Martin Rivera, Appellant.

Decided and Entered: June 25, 2026
Ind. No. 71027/24|Appeal No. 6956|Case No. 2024-07406|
Before: Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jacquelyn Shelton of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Catherine Marotta of counsel), for respondent.

[*1]
Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

6956
<sc>The People of the State of New York,
<sc></sc></sc>Respondent,
-against-
<sc>Martin Rivera</sc>,
Defendant-Appellant.
Ind. No. 71027/24
Case No. 2024-07406

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jacquelyn Shelton of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Catherine Marotta of counsel), for respondent.
Judgment, Supreme Court, New York County (Ann Thompson, J. on suppression motion; Marisol M. Alonso, J. at plea and sentencing), rendered November 19, 2024, as amended December 4, 2024 and February 13, 2025, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.
Defendant validly waived his right to appeal, which forecloses review of his suppression claim (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]; People v Yizar, 240 AD3d 416, 416-417 [1st Dept 2025], lv denied 44 NY3d 985 [2025]). The court's colloquy "did not imply that by waiving . . ., [he] would forfeit his right to appellate counsel for claims that survived" (Yizar, 240 AD3d at 416).
As an alternative holding, we find that Supreme Court properly denied defendant's suppression motion. Defendant was discovered inside of a maintenance shed in a New York City public park that was positioned behind a waist-high gate, the lock on the shed was broken off, and the door to the shed was held closed from the inside by a bungee cord, which together supplied the police with probable cause to arrest defendant for criminal trespass (see People v Barnes, 26 NY3d 986, 989 [2015]; People v Cohen, 204 AD2d 159, 160 [1st Dept 1994], lv denied 83 NY2d 966 [1994]). Accordingly, the search incident to arrest, during which the police recovered a loaded firearm from defendant's waistband, was lawful (see People v Ramirez, 177 AD3d 460, 461 [1st Dept 2019], lv denied 37 NY3d 1098 [2021]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2026